United States Court of Appeals,

Fifth Circuit.

No. 90-2518.

Thomas A. BRITT, Individually, as President of the Houston Patrolmen's Union, Local 109, et al., Plaintiffs-Appellants,

v.

Kathryn J. WHITMIRE, as Mayor and Chief Executive of the City of Houston, Texas, et al., Defendants-Appellees.

March 31, 1992.

Appeals from the United States District Court for the Southern District of Texas.

Before WILLIAMS, WIENER, Circuit Judges, and LITTLE, District Judge [*].

WIENER, Circuit Judge:

A police patrolmen's union appeals the district court's grant of summary judgment in favor of the City of Houston on all of the union's Fair Labor Standards Act claims. Finding that we lack jurisdiction to consider this appeal, we dismiss.

I.

FACTS

On April 15, 1988, Thomas A. Britt brought suit individually and as President of the Houston Police Patrolmen's Union, together with approximately 800 other Houston police officers (collectively, "Britt"), against the Houston Police Department, the City of

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

Houston, and Mayor Kathryn Whitmire (collectively, the "City"). The complaint alleged that (1) the City violated the Fair Labor Standards Act (FLSA) by failing to pay cash in lieu of compensatory time for overtime work in the absence of an agreement with the plaintiffs' designated representative (the "comp time claim"); (2) the City failed to compensate the officers for K-9, mounted, motorcycle and other assignments; and (3) the City violated the FLSA by failing to include incentive pay in the plaintiffs' "regular rate of pay" for overtime payment calculations.

Britt moved for partial summary judgment on the comp time claim on June 19, 1989. The City responded to Britt's motion and simultaneously filed a cross-motion for summary judgment on all claims on September 15, 1989. On May 15, 1990, the district court issued a memorandum opinion in which it denied Britt's motion for partial summary judgment and granted the City's "motion for partial summary judgment" on the comp time claim. The district court did not enter judgment in a separate document as required by FED.R.CIV.P. 58. Britt filed a notice of appeal on May 30, 1990 naming "Thomas Britt, et al" as appellants. Britt amended the notice of appeal on June 4, 1990 to list each of the other officers as appellants. On June 8, 1990, the City filed a motion for entry of final judgment, asserting that the city had moved for and was entitled to summary judgment on all claims, but that the district court's May 15 order granted only "partial summary judgment" and addressed only the comp time claim.

On September 7, 1990, the district court issued an order granting summary judgment in favor of the City on all claims and on the same day entered final judgment in a separate document in accordance with Rule 58. Britt never filed a separate notice of appeal from the September 7 order. Instead, on October 11, 1990, Britt filed a motion for leave to amend out of time his original notice of appeal filed on May 30, 1990. In that motion, Britt asserted that he had not filed a timely notice of appeal from the September 7 order because he had miscalculated the date on which such notice was due. Britt's motion was accompanied by an *amended* notice of appeal which stated that Britt was appealing the September 7 order granting full summary judgment in favor of the City. On January 18, 1991, the district court granted Britt leave to file the amended notice of appeal out of time.

II.

ANALYSIS

This case is fraught with jurisdictional issues. The City argues that this court lacks jurisdiction over this appeal for two reasons: (1) the district court abused its discretion in allowing Britt to file an untimely amended notice of appeal, and (2) Britt's original notice of appeal filed on May 30, 1990 became a nullity when the City filed its motion for entry of final judgment.

A. *Granting of Leave to File Untimely Amended Notice of Appeal.*

FED.R.APP.P. 4(a)(1) requires that a notice of appeal be filed within thirty days after the date of entry of the judgment or order. FED.R.APP.P. 4(a)(5) provides that the district court, "upon a showing of excusable neglect or good cause," may extend the time for filing a notice of appeal if a motion therefore is filed not later than thirty days after the last date for filing a notice of appeal under Rule 4(a)(1). This court reviews extensions of time under Rule 4(a)(5) for abuse of discretion, giving great deference to the district court's determination of excusable neglect when the application for extension is made before the expiration of the initial time period during which a notice of appeal must be filed.[1] When the application is made after that period has expired, however, less deference is required,[2] and the more lenient "good cause" standard does not apply at all.[3] Thus, when a party files a motion for extension of time after the initial period for appeal has expired, that party must make a showing of excusable neglect.

The City argues that the district court abused its discretion in granting Britt's motion for an extension of time, which he filed more than thirty days after the entry of the September 7 order, because Britt failed to make a showing of excusable neglect. In *Allied Steel v. City of Abilene,*[4] Allied filed a motion to extend

---

[1]*Allied Steel v. City of Abilene,* 909 F.2d 139, 142 (5th Cir.1990).

[2]*Id.*

[3]*Id.* at 143 n. 3.

[4]Note 1, *supra.*

the time for filing a notice of appeal more than thirty days after the entry of judgment, asserting that (1) during the thirty-day period after the entry of judgment Allied was preoccupied by an urgent business situation, and (2) Allied had misconstrued the time for filing a notice of appeal under Rule 4(a). The district court granted Allied's motion, but we reversed, holding that the district court abused its discretion because Allied's reasons for requesting an extension of time did not constitute excusable neglect.

Britt's excuse is indistinguishable from the one asserted in *Allied.* Therefore, we hold that the district court abused its discretion in permitting Britt to amend his original May 30 notice of appeal more than thirty days after the September 7 order which the original notice was amended to include.

B. *Validity of Britt's May 30, 1990 Notice of Appeal.*

That holding does not fully dispose of the instant case, however, because the district court issued two orders. That court first granted partial summary judgment in favor of the City on the comp time claim on May 15, 1990, from which Britt filed a timely notice of appeal on May 30. The district court then issued an order on September 7, 1990, purporting to grant summary judgment in favor of the City on the comp time claim as well as on all remaining claims. Britt chose not to file a separate notice of appeal from that order; rather he attempted to amend his May 30 notice of appeal to include the September 7 order and its grant of

summary judgment on the remaining claims.  Under Rule 4(a) Britt was required to perfect a notice of appeal with respect to that order within thirty days after September 7.  As he did not, and as he has not shown excusable neglect, he is precluded from pursuing an appeal on the remaining claims.  Previously, however, Britt had filed a timely notice of appeal from the May 15 order granting partial summary judgment on the comp time claim.  Therefore, this court has jurisdiction over Britt's May 30 appeal of that claim *unless,* as urged by the City, Britt's May 30 notice of appeal with respect to that claim was nullified.

> Fᴇᴅ.R.Cɪᴠ.P. 4(a)(4) provides in part:
>
> If a timely motion ... is filed in the district court by any party:  ... (iii) under Rule 59 to alter or amend the judgment;  ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.  A notice of appeal filed before the disposition of any of the above motions shall have no effect.  A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

In *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,*[5] we noted that under Rule 4(a)(4), a Rule 59(e) motion nullifies a previously filed notice of appeal but a Rule 60 motion does not.  We established a bright-line rule (based solely on timing of filing the motion relative to the date of the final order or judgment sought to be modified) to determine the applicability of Rule 4(a)(4) to motions seeking to amend a judgment on grounds other than purely clerical errors:

---

[5]784 F.2d 665 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

We hold that Rule 4 was not intended to apply to motions to correct purely clerical errors, but it was intended to apply to all other timely motions to amend a judgment served within ten days of the judgment, even though some such motions might also be considered timely by the district court if filed at a later date. Accordingly, we hold that any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of Fed.R.App.P. 4(a)(4). If, on the other hand, the motion asks for some relief other than correction of a purely clerical error and is served after the ten-day limit, then Rule 60(b) governs its timeliness and effect.[6]

We must determine the correct classification of the City's June 8, 1990 motion for entry of final judgment. If that motion was, as the City urges, a timely-filed Rule 59(e) motion seeking to amend the district court's judgment, then the district court's September 7, 1990 order granting summary judgment on all claims rendered Britt's May 30 notice of appeal a nullity under Rule 4(a)(4). On the other hand, if, as Britt argues, the City's motion sought merely to correct a clerical error under Rule 60(a), then Rule 4(a)(4) did not apply and Britt's notice of appeal remained intact.[7]

### (1) *Classification of the Motion*

No matter how it is labeled, a motion is treated as one made under Rule 59(e) if it "calls into question the correctness of a

---

[6]*Id.* at 667.

[7]*Id.* at 668.

judgment" and seeks to alter or amend it.[8]  Although a motion under

Rule 60(a) also seeks to correct a judgment, Rule 60(a) provides

relief only:

> [W]here the record makes apparent that the court intended one
> thing but by merely clerical mistake or oversight did another.
> Such a mistake must not be one of judgment or even of
> misidentification, but merely of recitation, of the sort that
> a clerk or amanuensis might commit, mechanical in nature...."[9]

Rule 60(a) does not apply to a motion seeking correction of an

error of "substantive judgment"[10] or an error that affects

substantial rights of the parties.[11]

The City's motion for entry of final judgment provided in

part:

> The Court has entered an order granting Defendants' Motion for
> Summary Judgment.  However the order does not specifically
> address claims raised by the Plaintiffs in their Complaint on
> which they did not move for summary judgment, but on which
> Defendants did move for summary judgment.  Defendants moved
> for summary judgment on all of Plaintiffs' claims. Defendants
> have assumed that the Court intended to grant summary judgment
> on all of Plaintiffs' claims, but the last paragraph of the
> Court's order refers to granting Defendants' Motion for
> Partial Summary Judgment. *Defendants are assuming that this
> was a typographical error* (emphasis added).

---

[8]*Id.* at 669–70.

[9]*Dura–Wood Treating Co., Division of Roy O. Martin Lumber
Co. v. Century Forest Industries, Inc.,* 694 F.2d 112, 114 (5th
Cir.), *cert. denied,* 459 U.S. 865, 103 S.Ct. 144, 74 L.Ed.2d 122
(1982).

[10]*Harcon Barge,* 784 F.2d at 669.

[11]*Warner v. City of Bay St. Louis,* 526 F.2d 1211, 1212 (5th
Cir.1976).

Britt argues that as the City expressly stated in its motion that it sought the correction of a typographical error in the district court's May 15 order, the motion necessarily qualified as a Rule 60(a) motion. Our analysis is not quite that simple, however, as it is not the label that a party places on a motion or the perceived nature of the relief sought, but the true nature of the relief sought that determines under which rule a motion should be classified.[12]

Although, as already noted, we established a bright-line rule in *Harcon Barge* to distinguish between substantive motions under Rule 59(e) and Rule 60(b) based on relative time of filing, we have not established a definitive rule for determining whether a motion should be considered merely clerical under Rule 60(a) or substantive under either Rule 59(e) or Rule 60(b).[13] Therefore, we must draw guidance from prior decisions on this question. *Dura-Wood Treating Co., Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*[14] gives an example of the type of relief covered under Rule 60(a). The parties had stipulated of record that reasonable and necessary attorneys' fees were $4,680 for trial and $2,100 for appeal. The trial court's findings of facts, however, incorrectly recited that the parties had stipulated attorneys' fees at only $2,100, and the trial court rendered judgment in favor of the plaintiff for $100,000 damages plus $2,100

---

[12]*Harcon Barge,* 784 F.2d at 668-70.

[13]*Id.* at 670.

[14]694 F.2d 112 (5th Cir.1982).

in attorneys' fees. We reversed the judgment in part, affirmed the damages in a lesser amount, and remanded to the trial court for entry of a judgment consistent with our opinion. On remand, the trial court entered judgment for the lesser amount of damages, plus the correct amount of attorneys' fees as stipulated by the parties. The defendants appealed, arguing, *inter alia,* that the trial court had abused its discretion in increasing the award of attorneys' fees. We held that the trial court's action was proper. We concluded that the trial court clearly intended to recite the parties' stipulation regarding attorneys' fees into its original judgment and award that amount, but that, *through a clerical error,* the court had mis-recited the stipulation. We found that the trial court was entitled to correct its original award of attorneys' fees because Rule 60(a) allows the court, on motion by a party or on its own initiative, to correct a clerical error.[15]

*Trahan v. First National Bank of Ruston*[16] and *In re Galiardi*[17] provide examples of corrective actions that involve more than mere clerical errors falling under Rule 60(a). In *Trahan,* the district court held the bank liable for conversion of 15,000 shares of stock and ordered the bank to return the stock to the plaintiff. We affirmed the district court's judgment. After our decision, the district court, recognizing that the value of the stock had fallen since the date of conversion, amended its original award to require

[15]*Id.* at 113–14.

[16]720 F.2d 832 (5th Cir.1983).

[17]745 F.2d 335 (5th Cir.1984).

the bank to return the shares of stock and to pay the difference in value of the stock between the date of conversion and the date of judgment. The bank appealed the amended award. We held that the court's amendment was not to correct a clerical error and thus was not under the aegis of Rule 60(a), as it constituted a substantive judgment by the district court.[18]

Similarly, in *In re Galiardi* the plaintiffs filed a diversity suit in federal district court in Texas. The defendants moved to transfer the case to a federal district court in New York, asserting both forum non conveniens and improper venue. The Texas court transferred the case to New York without specifying the basis for the transfer. The defendants moved the New York court to dismiss the action as time-barred. Whether the suit was time-barred depended on whether the Texas time-bar rule or the New York time-bar rule applied. If the basis for the transfer to New York was forum non conveniens, then the Texas rule would apply and the suit would not be time-barred. If, however, the basis for the transfer was that venue was improper in Texas, then the New York time-bar rule would apply to bar the suit.

The New York district court concluded that the transfer had been based on forum non conveniens and that the suit was not barred. The defendants then filed a "Motion to Resettle Texas Transfer Order" in the Texas district court, requesting that court to specify the basis for its original transfer order, which had

---

[18]*Trahan,* 720 F.2d at 834.

been entered two years earlier. The defendants based that motion on Rule 60(a), apparently realizing that a court can grant a motion under that rule "at any time" and that the time limits for actions under both Rule 59(e) and Rule 60(b) had already expired. The Texas court subsequently entered an order amending its earlier transfer order to specify that the case had been transferred because venue was improper in Texas.

The plaintiff asked this court for a writ of mandamus to vacate that amended order by the Texas court. We held that the amendment was not made pursuant to Rule 60(a) because it had significant effect on the substantive rights of the parties and was more than the mere correction of a clerical mistake. As Rule 60(a) provided no support for the amendment and as the time limits for corrections under Rules 59(e) and 60(b) had expired, we held that the Texas court had no jurisdiction to enter the amended order.[19]

For examples of what constitutes a Rule 59(e) motion, we turn to *Cosgrove v. Smith*[20] and *Barry v. Bowen.*[21] In *Cosgrove,* male offenders of District of Columbia law who had been sentenced to federal prison brought suit against the Attorney General of the United States, challenging the application of the federal parole guidelines to decisions on their parole. Their complaint included statutory and equal protection challenges to the guidelines, as

---

[19]*Galiardi,* 745 F.2d at 337.

[20]697 F.2d 1125 (D.C.Cir.1983).

[21]825 F.2d 1324 (9th Cir.1987).

well as a sex discrimination claim.  The district court granted the government's motion for summary judgment, but the judgment specifically mentioned only the statutory and equal protection challenges.  The plaintiffs filed a motion seeking clarification that the district court had not ruled on the sex discrimination claim.  The district court denied that motion.  The District of Columbia Circuit held that the district court's judgment had disposed of the entire case, including the sex discrimination claim, and that the plaintiffs' motion for clarification therefore had sought an amendment of the judgment.  Thus, concluded the court, the motion qualified as a motion to alter or amend the judgment under Rule 59(e).[22]

In *Barry,* the claimant sought district court review after the Appeals Council reversed an Administrative Law Judge's decision allowing his claim for disability benefits under the Social Security Disability Amendments of 1980.  The district court entered an order granting the claimant's motion for summary judgment and denying that of the government.  The government subsequently filed a "Motion for Clarification," seeking clarification of the district court's order with regard to whether benefits were to be awarded immediately or whether additional administrative proceedings were to be conducted.  The Ninth Circuit held that the government's motion was for relief under Rule 59(e).  The court noted that "a motion seeking minor alterations in the judgment is properly one under Rule 59(e)."  The court concluded that such was the aim and

---

[22]*Cosgrove,* 697 F.2d at 1127-28.

effect of the government's motion for clarification.[23]

We hold that, in the instant case, the City's motion for entry of final judgment was not a Rule 60(a) motion. Even though the motion stated that the City "assumed" that the district court had committed a typographical error, in reality the effect of granting the motion was more than a mere correction of a clerical error by the district court. The motion sought to amend the district court's May 15 order to grant summary judgment on two of Britt's claims, an action clearly affecting substantial rights of the parties. Unlike *Dura-Wood,* it is not apparent from the record of the instant case that the district court intended to grant summary judgment on all claims in its May 15 order but failed to do so because of a clerical error. Rather, this case is closely analogous to *Cosgrove* and *Barry,* in which the motions sought substantive alterations in the judgments. Thus, the City's motion was in fact and in law a Rule 59(e) motion. As that motion sought more than clarification of a clerical error, Rule 60(a) was inapplicable.

### (2) *Timeliness of the Motion*

Having determined that the City's motion for entry of final judgment was not a Rule 60(a) motion, we must now determine whether the motion was timely filed. A Rule 59(e) motion must be filed within ten days after the entry of judgment to be timely. As we

---

[23]*Barry,* 825 F.2d at 1328 n. 1.

held in *Harcon Barge,* if the City filed the motion in a timely manner, then under Rule 4(a)(4) the motion destroyed the effectiveness of Britt's May 30 notice of appeal. If, however, the motion was not timely under Rule 59(e), then Rule 60(b) governed its effect and Britt's notice of appeal remained intact.[24]

In *Craig v. Lynaugh,*[25] the district court issued a memorandum order dismissing the plaintiff's complaint as frivolous. The district court did not enter a separate judgment in compliance with Rule 58 at that time. Five months later, the plaintiff filed both a motion to vacate the judgment and a notice of appeal from the dismissal order. The district court denied the motion to vacate and entered final judgment pursuant to Rule 58. The plaintiff did not file another notice of appeal.

On appeal, we noted that, provided the motion to vacate was filed within ten days after entry of judgment, it was actually a Rule 59(e) motion because it challenged the correctness of the order of dismissal, and it destroyed the plaintiff's notice of appeal under Rule 4(a)(4). But, if the motion to vacate was not timely as a Rule 59(e) motion, then under *Harcon Barge* the motion did not nullify the notice of appeal.[26]

---

[24]*Harcon Barge,* 784 F.2d at 667.

[25]846 F.2d 11 (5th Cir.1988), *cert. denied,* 490 U.S. 1093, 109 S.Ct. 2436, 104 L.Ed.2d 993 (1989).

[26]*Id.* at 12.

We held in *Craig* that because the district court had not complied with Rule 58 in its initial order of dismissal, the judgment was not final at the time of the plaintiff's motion to vacate, but the motion to vacate was nonetheless effective. We held further that if a Rule 59(e) motion is filed before a final judgment has been entered, the motion is timely whenever filed and serves to nullify a previously filed notice of appeal.[27] Therefore, we concluded, such motion to vacate was a timely Rule 59(e) motion and nullified the plaintiff's notice of appeal. As the plaintiff did not file a new notice of appeal within thirty days after entry of final judgment, we dismissed the appeal for lack of jurisdiction.

*Craig* is applicable to this case. Here, as in *Craig,* the district court did not enter a separate judgment pursuant to Rule 58 to accompany its May 15 order granting partial summary judgment. Thus there was no final judgment either when Britt filed his May 30 notice of appeal or later when the City filed its June 8 motion for entry of final judgment. The City's motion was a Rule 59(e) motion and, under *Craig,* it was timely when filed; thus, it nullified Britt's May 30 notice of appeal. As Britt failed timely to file a new notice of appeal after the entry of final judgment on September 7, we lack jurisdiction over this appeal and therefore must dismiss it.

III.

---

[27]*Id.* at 13.

CONCLUSION


We have no jurisdiction over this appeal because we are not presented with a valid notice of appeal with respect to any order or judgment of the district court. First, the district court abused its discretion in granting Britt leave to file an untimely amended notice of appeal because Britt's efforts to do so occurred more than thirty days after the last date to file a notice of appeal timely and then he made no showing of excusable neglect. Second, even had Britt attempted to amend his May 30 notice of appeal in a timely manner, he could not have done so because that notice of appeal was rendered nugatory by the City's Rule 59(e) motion for entry of final judgment. Consequently, Britt was required to file a new notice of appeal within thirty days after the district court's entry of final judgment on September 7. As he did not, we lack jurisdiction. For these reasons, this appeal is

DISMISSED.