23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clifford EATON, Plaintiff-Appellant,
v.
Don FARMER; Bill Rutherford, Defendants-Appellees.
 No. 93-6305.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1994.
 
 Before: MERRITT, Chief Judge; KENNEDY and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Clifford Eaton, a pro se federal prisoner, appeals a district court order dismissing his civil rights action under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Eaton filed a civil rights action against the local defendants, alleging that he was deprived of his automobile and personal property contained therein without due process of law. He sought compensatory damages of $3,000 and punitive damages of $25,000. In a memorandum and order filed on August 23, 1993, the district court dismissed Eaton's complaint as frivolous, pursuant to 28 U.S.C. Sec. 1915(d), on the ground that his complaint failed to state a claim under Sec. 1983 because an adequate post-deprivation state remedy existed. Eaton submitted a pleading captioned "Motion for Relief from Judgment" in which he conceded that, as a general rule, his claim would not be reviewable under Sec. 1983. Nonetheless, he argued that the state remedy is inadequate in his case. The district court denied Eaton's motion in a memorandum opinion and order filed on September 21, 1993, because the court was "not persuaded that plaintiff lacks meaningful access to the Tennessee Courts."
 
 
 3
 Upon review, we vacate the district court's order because the court erred when it summarily dismissed Eaton's claim as frivolous. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 Eaton is correct in acknowledging that a motion for relief from judgment under Fed.R.Civ.P. 60(b) does not bring up the underlying judgment for review. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). However, his motion, which was served within ten days of the entry of judgment, may be construed as a time-tolling motion brought under Fed.R.Civ.P. 59(e). See Herzog Contracting Corp. v. McGowen Corp., 976 F.2d 1062, 1065 (7th Cir.1992); Britt v. Whitmire, 956 F.2d 509, 512 (5th Cir.1992). Accordingly, the district court's order dismissing Eaton's Sec. 1983 action is properly before this court for review.
 
 
 5
 A complaint may be dismissed sua sponte as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 326 (1989). Eaton's claim here, however, has an arguable basis in both law and fact and, thus, is not frivolous. The Tennessee Claims Commission statute Sec. 9-8-301, T.C.A., provides a possible remedy against the State but would not provide a remedy against local officials. The District Court's reliance on this statute and Smith v. Rose, 760 F.2d 102 (6th Cir.1985), appears misplaced because the defendants are local officers and the wrongs alleged were committed by local officers under color of law.
 
 
 6
 Plaintiff alleges violations of substantive due process, including an illegal seizure and retention of his property under the Fourth and Fourteenth Amendments and a procedural due process violation. He alleges that the defendant officers have wrongfully refused to return his property without reason or explanation. The District Court should require the defendants to answer the claims since this court does not agree that the case is frivolous under Sec. 1915(d).
 
 
 7
 For this reason, we conclude that sua sponte dismissal under Sec. 1915(d) was premature and constituted error. Eaton should be permitted service of process upon the defendants and an opportunity to present his claims.
 
 
 8
 Accordingly, the requests for oral argument and the appointment of counsel are denied. The district court's order is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.