**Jeffery DAVIS, Plaintiff–Appellant,**

v.

**Officer BILLER, et al., Defendants–Appellees.**

**No. 01–2571.**

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 2002.[*]

Decided April 18, 2002.

[*] Defendants, who have not been served with process, have not participated in this appeal. After an examination of appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted for decision. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, KANNE, DIANE P. WOOD, Circuit Judges.

## ORDER

Jeffery Davis sued various Illinois prison officials under 42 U.S.C. § 1983 for a number of alleged constitutional violations stemming from his placement in disciplinary segregation. Acting under 28 U.S.C. § 1915(e)(2)(B), the district court *sua sponte* dismissed the complaint for failure to state a claim, or alternatively for failure to exhaust administrative remedies. Davis moved for reconsideration, but the court denied relief. More than two months after the original dismissal, Davis filed an appeal, which we dismissed for lack of jurisdiction because the district court had not entered a judgment in accordance with Fed.R.Civ.P. 58. At our direction the court then entered a Rule 58 judgment, from which Davis now timely appeals.

We start with the exhaustion issue. Davis wrote his complaint on the form typically used in the Northern District of Illinois for prisoners' § 1983 cases. The form asks, "If the facts in your complaint relate to your imprisonment, did you use the prisoner grievance procedure to seek relief?" Davis checked "no," which prompted the district court to dismiss the case for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). But before the court entered a Rule 58 judgment, Davis moved for re-

consideration "pursuant to Rule 59(e) of the Federal Rule[s] of Civil Procedure," alleging that he had in fact exhausted the prison grievance process but had mistakenly checked the wrong box on the complaint form. Though the evidence Davis submitted with his motion bears out his assertions, the district court nonetheless denied relief. The court first reasoned that Davis's motion was really one under Rule 60(b) because it was filed more than ten days after the date of the dismissal order. The court then concluded that Davis had failed to invoke any of the grounds for relief covered by Rule 60(b), and denied the motion.

■ This raises an interesting question—whether entry of a final order triggers Rule 59(e)'s ten-day clock even if the district court did not enter a separate judgment in accordance with Rule 58. *Compare McCormick v. City of Chicago*, 230 F.3d 319, 326 n. 6 (7th Cir.2000) (motion seeking to vacate a final order was properly characterized as a Rule 60(b) motion even though that order was not accompanied by entry of a separate Rule 58 judgment), *with Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 485 n. 7 (1st Cir.1993), *Britt v. Whitmire*, 956 F.2d 509, 515–16 (5th Cir.1992), *and Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1189 (9th Cir.1989) (Rule 59(e)'s time requirement is not triggered until a judgment has been entered in compliance with Rule 58). But we need not answer the question in this case. Even if the Rule 59(e) clock was running, we conclude that Davis filed his motion within the rule's ten-day limit. Because Davis is a prisoner proceeding pro se, his motion is deemed "filed" on the date it was delivered to the appropriate prison authorities. *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir.2001). And, according to a notarized statement from Davis, that date was September 5, 2000, less than ten days after the dismissal order was entered on August 28. Davis's characterization of his motion as one under 59(e) was therefore correct, so he was not required to invoke one of the Rule 60(b) grounds for relief.

■ This appeal thus poses the single question whether, based on the record as it stood when the district court's judgment became final, the dismissal of Davis's complaint was erroneous. *See Kunik v. Racine County, Wis.*, 106 F.3d 168, 173 (7th Cir.1997). As noted above, the evidence Davis submitted with his 59(e) motion shows that he did exhaust his administrative remedies, so § 1997e(a) does not provide a basis for us to affirm the district court's dismissal. But the district court dismissed the suit on an alternative ground—that Davis's claims are either barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), or fail under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *Heck*, however, does not apply to this case because the administrative sanction Davis is challenging did not affect the fact or duration of his confinement. *Johnson v. Litscher*, 260 F.3d 826, 830–31 (7th Cir.2001); *DeWalt v. Carter*, 224 F.3d 607, 616–18 (7th Cir.2000). Nor does *Sandin* dispose of Davis's claims. *Sandin* holds that, for purposes of a due process analysis, disciplinary measures taken against prisoners are not actionable as deprivations of liberty unless the measures "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. But the Court expressly recognized that prisoners "retain other protection from arbitrary state action even within the expected conditions of confinement. They may invoke the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment ...." *Id.* at 487 n. 11; *see also DeWalt*, 224 F.3d at 613; *Kimberlin v. Quinlan*, 199 F.3d 496,

501 (D.C.Cir.1999); *Pratt v. Rowland,* 65 F.3d 802, 806–07 (9th Cir.1995). Liberally construed, Davis's complaint raises a number of claims to which *Sandin* thus does not apply. He alleges for instance that his exposure to extreme cold while in segregation constituted cruel and unusual punishment within the meaning of the Eighth Amendment. He also raises two First Amendment claims—that he was denied access to his bible and to religious services while in segregation, and that defendant Biller fabricated the disciplinary charge that led to the segregation in retaliation for Davis's filing a grievance against him.

■ Though we conclude that the district court erred in dismissing the case under *Heck* and *Sandin,* it is not necessary for us to remand two of Davis's claims because they so clearly will not lead to any relief. First, Davis's allegation that prison guards disposed of his personal property does not state a constitutional claim because he has an adequate state post-deprivation remedy—a tort suit in the Illinois Court of Claims. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Second, Davis's allegation that Biller "exercise[d] racial discrimination on 5–17–00" is too vague to satisfy Fed.R.Civ.P. 8. Even under lax notice-pleading standards, a plaintiff must allege enough facts to at least put the defendants on notice of the claim, *Higgs v. Carver,* 286 F.3d 437 at *2 (7th Cir.2002), which Davis has not done here. The dismissal of these two claims is therefore affirmed. In other respects the judgment is vacated, and the case remanded for further proceedings.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.