UNITED STATES of America, Plaintiff–Appellee

v.

Delores Brown REDD, Defendant–Appellant.

No. 14–60325.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 2015.

Gaines H. Cleveland, Assistant U.S. Attorney, U.S. Attorney's Office, Gulfport, MS, for Plaintiff–Appellee.

Delores Brown Redd, Aliceville, AL, pro se.

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM: *

Petitioner–Appellant Delores Brown Redd ("Redd"), federal prisoner # 07861–043, appeals from the district court's denial of her motion for post-conviction relief under 28 U.S.C. § 2255. The district court granted her a certificate of appealability ("COA") on four issues. For the reasons set out below, we affirm in part and dis-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

miss in part the district court's denial of her § 2255 motion.

## I.

Redd was convicted by a jury of one count of conspiracy to commit money laundering and two substantive counts of money laundering.[1] She received consecutive sentences of 170 months in prison, to be followed by a three-year term of supervised release; she was also ordered to pay a $5,000 fine and a $300 assessment. On appeal, Redd argued that the district court improperly allowed an IRS agent to testify as an expert, that the district court gave the jury erroneous supplemental instructions, that the district court improperly admitted testimony from a coconspirator, that documents admitted at trial did not constitute business records, and that the evidence was insufficient to support one money laundering conviction.[2] This court affirmed Redd's convictions and sentences.[3] The Supreme Court denied certiorari.[4]

In October 2010, Redd filed this § 2255 motion, challenging the effectiveness of her trial and appellate counsel. Specifically, she asserted that counsel rendered ineffective assistance prior to trial by failing to properly argue for a severance, failing to seek dismissal on speedy trial grounds, failing to conduct an adequate investigation or to disclose discovery to Redd, and failing to either advise her of a plea offer from the Government or to advise her of her actual sentencing exposure if she proceeded to trial; that counsel rendered ineffective assistance at trial by failing to request a jury instruction on "profits" versus "proceeds," denying Redd her right to testify, and failing to move for acquittal when the Government failed to prove that the money being laundered constituted "profits" rather than "proceeds"; and that counsel rendered ineffective assistance at sentencing and on appeal by failing to argue that the sentence could be based only on "profits" rather than "proceeds," failing to argue that the use of the 2005 Sentencing Guidelines violated the Ex Post Facto Clause, failing to challenge the district court's use of facts not found by the jury to impose the sentence, and failing to argue on appeal that the district court erred in its offense level calculations. The Government filed a response, asserting that Redd was not entitled to relief on the merits of her allegations. In addition, Redd's trial and appellate counsel, Nathan H. Elmore, submitted an affidavit refuting Redd's claims. Redd submitted a reply, contending that her claims were meritorious and warranted relief.

The district court entered a memorandum opinion, rejecting Redd's ineffective assistance claims on the merits. The district court did not enter a judgment. Within 28 days of the entry of this opinion, Redd submitted "Objections," which referenced the district court's denial of the § 2255 motion. Within the objections, Redd asserted that she suffered an ex post facto violation at sentencing and that the district court should have applied the 2001 version of the Guidelines, which would have resulted in a more lenient sentence. She also submitted a notice of appeal and sought leave to proceed in forma pauperis ("IFP"). Redd later moved, together with codefendant Starsky Darnell Redd ("Starsky"), to amend the § 2255 pleadings to

---

1. *United States v. Redd,* No. 06–60806, —— Fed.Appx. ——, ——, 2009 WL 348831, at *2 (5th Cir. Feb. 12, 2009) (unpublished).

2. *Id.* at ——, ——–——, ——–——, 2009 WL 348831, at *5, *9–10, *12–14.

3. *Id.* at ——, 2009 WL 348831, at *16.

4. *Redd v. United States,* 558 U.S. 863, 863, 130 S.Ct. 168, 175 L.Ed.2d 107 (2009).

challenge the supplemental jury instructions, the Government's failure to prove all elements beyond a reasonable doubt, and the "duplicity" of the charged offenses. In a second motion to amend, Redd asserted that the jury's verdict was inconsistent and that the court improperly took into account Redd's participation in the underlying illegal drug activity when sentencing her for money laundering.

The district court denied IFP status, determining that Redd was capable of paying the appellate filing fee. The court also granted a COA on four specific issues: (1) the purported failure of Elmore to conduct an adequate pretrial investigation; (2) the purported failure of Elmore to inform Redd of a plea offer from the Government, (3) the purported ex post facto violation arising from the use of the 2005 Sentencing Guidelines, and (4) Elmore's purported failure to raise sentencing objections on appeal. Redd renewed her motion for a new trial. The district court concluded that Redd's motions to amend her § 2255 motion and for a new trial constituted successive § 2255 motions that it lacked jurisdiction to consider. The district court did not explicitly rule on Redd's "Objections."

## II.

This court must examine the basis of its jurisdiction sua sponte if necessary.[5] We have jurisdiction to hear this appeal only if Redd's notice of appeal was effective. Although not raised by the parties, we must consider whether the district court's failure to explicitly rule on Redd's objections to the denial of her § 2255 motion renders her notice of appeal ineffective.

However it is characterized, a motion challenging the correctness of a judgment is treated as a motion filed under Federal Rule of Civil Procedure 59(e) for purposes of Federal Rule of Appellate Procedure 4(a)(4) if it is made within the 28–day limit for filing such motions.[6] If a timely motion is made pursuant to Rule 59(e), then a notice of appeal filed after the entry of judgment, but before disposition of the motion, is ineffective until the entry of an order disposing of the motion.[7]

In the instant case, Redd submitted objections to the district court's denial of § 2255 relief within 28 days of the district court's entry of the final order. We construe this document as a motion for reconsideration under Rule 59(e).[8] The district court did not explicitly rule on these objections. Although the court denied Redd's motions to amend her § 2255 motion and for a new trial, it did not include a ruling on the objections in that ruling. However, the district court's order granting her a

**5.** *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987).

**6.** *Mangieri v. Clifton,* 29 F.3d 1012, 1015 n. 5 (5th Cir.1994).

**7.** Fed. R.App. P. 4(a)(4)(B)(i); *Burt v. Ware,* 14 F.3d 256, 260–61 (5th Cir.1994).

**8.** *See Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir.1986) (en banc). Although the district court did not enter a separate judgment as required under Federal Rule of Civil Procedure 58(a), Redd's motion still serves as a Rule 59(e) motion that renders the notice of appeal ineffective. *See Britt v. Whitmire,* 956 F.2d 509, 515–16 (5th Cir.1992). At the time *Britt* was decided, Rule 4(a)(4) stated that a notice of appeal filed prior to the submission of a Rule 59(e) motion was nullified. *Id.* at 512. The rule has been amended to state that the prior-filed notice of appeal becomes effective once there is a ruling on the Rule 59(e) motion. Rule 4(a)(4)(B)(i). Additionally, Rule 58 has been amended to say that a judgment is considered to be entered 150 days after entry of the final order. Rule 58(c)(2)(B). Because 150 days have passed since the district court's final order, there is a final judgment in the instant case; however, there is still no explicit ruling on the Rule 59(e) motion.

COA on various claims addressed the ex post facto challenge that she had raised in her objections. Although we can find no authority directly addressing this point, we conclude that the district court's grant of a COA constitutes an implicit disposition of Redd's Rule 59(e) motion.[9] Thus, Redd's notice of appeal is effective, and this court has jurisdiction to hear this appeal.[10]

### III.

We turn now to the merits of Redd's challenges. In considering a § 2255 motion, this court reviews the district court's factual findings for clear error and its conclusions of law de novo.[11] The claims upon which the district court granted a COA involve allegations that Redd's attorney rendered ineffective assistance. In order to prevail on claims of ineffective assistance of counsel, Redd must show (1) that her counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.[12] A failure to establish either prong defeats the claim.[13] A court considering such a claim "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable

professional assistance."[14] A petitioner makes the required showing of prejudice if he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[15]

### A. Waiver

Two of the issues on which the district court granted a COA were Redd's counsel's alleged failure to conduct a pretrial investigation or to advise Redd of a plea offer. Redd did not challenge Elmore's actions with respect to either of those things in her opening brief. At best, she included only a single sentence noting that a plea negotiation is a critical stage in a criminal proceeding.

Although pro se briefs are afforded liberal construction, pro se litigants must brief arguments to preserve them.[16] When an appellant fails to make or brief an argument challenging a district court's ruling, she abandons that argument.[17] Because Redd has failed on appeal to properly raise any arguments relating to the pretrial investigation or plea offer, we must conclude she abandoned those challenges.[18]

9. *Cf. Norman v. Apache Corp.*, 19 F.3d 1017, 1021–22 (5th Cir.1994) (finding that a denial of relief in a case constitutes an implicit denial of a motion to amend because the denial is not consistent with granting the motion).

10. *See* Rule 4(a)(4)(B)(i).

11. *United States v. Redd*, 562 F.3d 309, 311 (5th Cir.2009).

12. *Strickland v. Washington*, 466 U.S. 668, 689–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

13. *Id.* at 697, 104 S.Ct. 2052.

14. *Harrington v. Richter*, 562 U.S. 86, 104, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (citation omitted).

15. *Porter v. McCollum*, 558 U.S. 30, 38–39, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009) (internal quotation marks and citation omitted).

16. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993).

17. *Yohey*, 985 F.2d at 224–25; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987) (stating that appellant's failure to identify any error in the district court's analysis is the same as if the appellant had not appealed that judgment).

18. *See Yohey*, 985 F.2d at 224–25. Although Redd apparently did attempt to amend her reply brief in two documents rejected by the clerk's office, the unfiled documents could not change the result because this court does not

## B. Ineffective Assistance on Appeal Concerning Sentencing Issues

█ In the district court, Redd acknowledged that Elmore objected at sentencing to the calculations in the presentence report ("PSR") regarding the amount of laundered funds attributable to Redd and the enhancements for her role in the offense and for obstruction of justice. She complained, however, that Elmore did not raise them on appeal even though the sentencing challenges were stronger than the appellate issues he did present. The district court rejected this argument, concluding that counsel was not required to raise every nonfrivolous issue on appeal and that Redd had failed to show a reasonable probability that her sentence would have been less harsh if Elmore had raised the claims. The district court granted a COA on this issue.

In her briefs before this court, Redd has merely repeated the assertions that she made in the district court regarding this challenge. She again contends that Elmore failed to raise sufficient challenges to the PSR calculations on appeal after initially preserving such issues with timely objections in the district court. She maintains that because there was no explanation for Elmore's failure to raise the sentencing claims on appeal, and because such claims were stronger than the appellate issues he did present, his performance must be deemed deficient. Additionally, Redd asserts conclusionally that if Elmore had raised the claims, there is a reasonable probability that the Fifth Circuit would have ruled in her favor, the outcome of the appeal would have been different, and she would have been resentenced.

To prevail on a claim of ineffective assistance of appellate counsel for failing to raise an issue on appeal, Redd "must show that with effective counsel, there was a reasonable probability that [s]he would have won on appeal." [19] Appellate counsel need not raise every nonfrivolous appellate issue, but should instead select issues that will maximize the likelihood of success on appeal.[20] Redd's conclusory contentions that the proposed sentencing claims were stronger than the appellate issues presented by Elmore and that such claims would likely have succeeded if raised are insufficient to support a constitutional claims of ineffective assistance.[21] Redd has not established that the district court erred in rejecting her allegations relating to Elmore's failure on appeal to challenge the sentencing calculations.[22] Thus, she is not entitled to relief on this challenge.

## C. Ex Post Facto Violation

█ Finally, the district court granted a COA as to Redd's claim of an "[a]lleged *ex post facto* violation in use of 2005 Federal Sentencing Guidelines." Redd asserts that Elmore rendered ineffective assistance by failing to argue at sentencing that the use of the 2005 Sentencing Guidelines constituted an ex post facto violation.[23]

---

consider arguments presented for the first time in a reply brief. *See United States v. Aguirre–Villa*, 460 F.3d 681, 683 n. 2 (5th Cir.2006).

19. *Moreno v. Dretke*, 450 F.3d 158, 168 (5th Cir.2006).

20. *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

21. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir.1990).

22. *See Redd*, 562 F.3d at 311.

23. Although the district court phrased the issue upon which it granted a COA as a substantive ex post facto challenge, Redd actually argued in the district court that counsel rendered ineffective assistance by failing to make an ex post facto argument, and the district

Specifically, she maintains that in November 2001 the money laundering Guideline changed significantly.[24] Redd notes that the district court applied the 2005 Guidelines in imposing her sentence, which were substantially similar to the 2001 Guidelines and which were the Guidelines in place at the time of her sentencing. She contends, however, that the court should have used the 2000 Guidelines because the last overt act in the conspiracy occurred in 2000 and because the use of the 2000 Guidelines would have resulted in a lower sentence. She asserts that the use of the Guidelines in effect at the time of sentencing rather than at the time of the offense constituted an ex post facto violation because it resulted in a higher sentence.[25]

The district court rejected Redd's allegation, concluding that any objection made by Elmore to the use of the 2005 Sentencing Guidelines would have been futile. On direct appeal, Starsky, Redd's codefendant, challenged the use of the 2005 Guidelines on ex post facto grounds.[26] This court concluded that the district court did not clearly err in determining that the conspiracy ended in February 2002, after the November 2001 effective date for the amended § 2S1.1.[27] Because Elmore argued at Starsky's sentencing that the 2005 Guidelines should not apply because the conspiracy did not extend past the November 1, 2001 effective date of the more onerous Guidelines, and because this court determined in Starsky's appeal that the district court did not err in concluding that the 2005 Guidelines were properly applied, Redd is unable to show that Elmore's failure to raise this argument either at sentencing or on appeal in her case constituted ineffective assistance.[28] Thus, she is not entitled to relief on this challenge either.

## D. Other Claims Briefed by Redd

As noted above, Redd has presented a number of arguments in her opening and reply briefs that were not included in the district court's grant of a COA. Normally appellate review in § 2255 proceedings is limited to issues on which the district court granted a COA.[29] When, however, a party expressly seeks a COA on additional issues, this court may certify those issues if the party meets the requirements for a COA.[30] Redd has not moved for an extension of the COA as to her additional challenges, and we decline to consider her

---

court analyzed the claim as an allegation of ineffective assistance.

24. *Compare* U.S.S.G. § 2S1.1(a), (b)(2) (Nov. 2000) (setting forth a base offense level of 20 or 23 and adding up to 12 levels in enhancements based upon the quantity laundered) *with* U.S.S.G. § 2S1.1(a)(2), (b) (Nov. 2001) (looking to the theft Guideline to determine the base offense level and adding enhancements for controlled substance proceeds and a conviction under 18 U.S.C. § 1956).

25. *See Peugh v. United States,* —— U.S. ——, 133 S.Ct. 2072, 2081–84, 186 L.Ed.2d 84 (2013).

26. *Redd,* —— Fed.Appx. at ——, 2009 WL 348831, *10.

27. *Id.*

28. *See Porter,* 558 U.S. at 38–39, 130 S.Ct. 447 (requiring a showing that the outcome would have been different to establish ineffective assistance); *see also Clark v. Collins,* 19 F.3d 959, 966 (5th Cir.1994) (stating that counsel does not render ineffective assistance by failing to make meritless objections).

29. *See Lackey v. Johnson,* 116 F.3d 149, 151–52 (5th Cir.1997).

30. *See United States v. Kimler,* 150 F.3d 429, 431 (5th Cir.1998).

brief as such a motion.[31]  Accordingly, we lack jurisdiction to consider these other issues.

### IV.

Because we conclude that Redd waived two of the four challenges for which the district court granted a COA and is not entitled to relief on the remaining challenges, the judgment of the district court is AFFIRMED in part as to the issues preserved in Redd's COA and DISMISSED in part for want of jurisdiction as to the additional issues raised for the first time in her brief on appeal.

---

**31.** *See Lackey,* 116 F.3d at 151–52; 28 U.S.C. § 2253(c); *see also United States v. Frazier,* 51 Fed.Appx. 930, 2002 WL 31415313, *3 (5th Cir. Oct. 15, 2002) (unpublished) (declining to consider § 2255 movant's additional appel-late claims because the district court had expressly declined to grant a COA on them and the movant had failed to expressly request an expansion of the COA grant).