IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-3065
_____


RICHARD BURT,

                    Plaintiff-Appellant,

v.

GEORGE WARE, JR., ET AL.,

                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
_____
(February 3, 1994)

Before POLITZ, Chief Judge, KING and DAVIS, Circuit Judges.

PER CURIAM:

     In this case, we decide whether the amendments to Rule
4(a)(4) of the Federal Rules of Appellate Procedure which took
effect on December 1, 1993, apply retroactively to a notice of
appeal which was filed before the effective date.  We hold that
it is "just and practicable" to apply these amendments to the
case presented and that the appellant's motion for post-judgment
relief does not nullify the notice of appeal he previously filed.

     In Part IV, we also order, in the exercise of our
supervisory jurisdiction over the district courts in this
circuit, that all post-judgment motions referred to in Rules

4(a)(4) and 4(b) be decided as expeditiously as possible, consistent with a just and fair disposition thereof.

## I. Background

In the district court, Richard Burt ("Burt"), a Texas state prisoner, filed a pro se civil rights petition pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by the defendants. According to Burt, the defendants informed prison officials that he was under criminal investigation for engaging in a telephone scam, and that this information led prison officials to confine him to the Extended Lockdown Restricted Tier.

Burt filed a motion for summary judgment which was referred to the magistrate judge for consideration. The magistrate issued a report recommending that Burt's motion be denied and ordered Burt to supplement his summary judgment materials to show why summary judgment should not be granted for the defendants. Finding Burt's responses to be inadequate, the magistrate recommended that summary judgment be granted to the defendants. The district court adopted the magistrate's recommendations, denied Burt's motion, and entered summary judgment for the defendants on December 31, 1992.

Burt then filed a notice of appeal and a motion to proceed in forma pauperis on appeal, both of which were served on January 6, 1993. At that time, Burt also served a "Motion for Relief from Judgment of Summary Proceedings" purportedly pursuant to Federal Rule of Civil Procedure 60(b) on January 6, 1993. The

district court has not yet ruled upon this post-judgment motion.[1]

Burt also pursued his appeal, filing his appellate brief in support of his motion to proceed in forma pauperis on March 8, 1993.

## II.  Analysis

As a threshold matter, we must determine whether we have jurisdiction to entertain the appeal.  See, e.g., Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987) (This court has the duty to examine the basis of its jurisdiction on its own motion if necessary.); Fitzpatrick v. Texas Water Comm'n, 803 F.2d 1375, 1376 (5th Cir. 1986) (same).  In the instant case, our jurisdiction depends upon the applicability of the recent amendments to the Federal Rules of Appellate Procedure, specifically Federal Rule of Appellate Procedure 4(a)(4).  Under the rule in effect prior to December 1, 1993, Burt's post-judgment "Motion for Relief from Judgment of Summary Proceedings," served within ten days after judgment, would clearly have nullified his notice of appeal.  See FED. R. APP. P. 4(a)(4) (1979 version); see also Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1984) (en banc), cert. denied, 479 U.S. 930 (1986) (This court treats a motion which calls into question the correctness of the judgment, does not

---

[1] A docket sheet entry of January 11, 1993, indicates that the district court signed an order denying a motion for reconsideration, but that order relates to one of Burt's previous motions which was filed on December 23, 1992 -- before the court ruled upon the motion for summary judgment.  Thus, we can conclude that Burt's post-judgment motion is still pending.

3

seek relief for purely clerical errors, and is served within ten days after the entry of judgment, as a Rule 59(e) motion for purposes of Rule 4(a)(4)); <u>Woodham v. American Cystoscope Co.</u>, 335 F.2d 551, 554-56 (5th Cir. 1964) (even motions captioned as Rule 60(b) motions are treated as a Rule 59(e) motion for purposes of Rule 4(a)(4)'s precursor if filed within ten days of judgment). Rule 4(a)(4) provided that a timely post-judgment motion under Federal Rules of Civil Procedure 50(b), 52(b), or certain provisions of Rule 59, would void any notice of appeal filed before disposition of that motion.[2] Thus, unless the appellant filed a new notice of appeal within the requisite time-period after entry of the order disposing of the post-judgment motion, the court of appeals was without jurisdiction to hear the appeal. <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 60-61 (1982); <u>Barnett v. Petro-Tex Chemical Corp.</u>, 893 F.2d 800, 804 (5th Cir.), <u>cert. denied</u>, 497 U.S. 1025 (1990). By contrast,

---

[2] In full, former Rule 4(a)(4) provided:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. **A notice of appeal filed before the disposition of any of the above motions shall have no effect**. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

FED. R. APP. P. 4(a)(4) (emphasis added).

under the version of the rule that became effective on December 1, 1993, Burt's notice of appeal would be treated as merely dormant until the post-judgment motion is decided.[3]

Although Burt's notice of appeal was clearly filed before the December 1, 1993, effective date of the amendments, the order from the United States Supreme Court adopting the amendments provides:

> That the foregoing amendments to the Federal Rules of Appellate Procedure shall take effect on December 1,

---

[3] As recently adopted, Rule 4(a)(4) reads as follows:

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.  This provision applies to a timely motion under the Federal Rules of Civil Procedure:

    (A) for judgment under Rule 50(b);

    (B) to amend or make additional findings of fact under Rule 52(b), whether or not granting the motion would alter the judgment;

    (C) to alter or amend the judgment under Rule 59;

    (D) for attorney's fees under Rule 54 if a district court under Rule 58 extends the time for appeal;

    (E) for a new trial under Rule 59; or

    (F) for relief under Rule 60 if the motion is served within 10 days after the entry of judgment.

**A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order,** or part thereof, specified in the notice of appeal, **until the date of the entry of the order disposing of the last such motion outstanding**.  Appellate review of an order disposing of any of the above motions requires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal. . . .
FED. R. APP. P. 4(a)(4) (emphasis added).

> 1993, and shall govern all proceedings in appellate cases thereafter commenced and, **insofar as just and practicable**, all proceedings in appellate cases then pending.

61 U.S.L.W. 5365 (U.S. Apr. 27, 1993) (emphasis added).

This court, in construing a 1991 amendment to Federal Rule of Civil Procedure 15(c), which was also endorsed with the "just and practicable" language, has held that "to the maximum extent possible, the amended Rules should be given retroactive application." Skoczylas v. Federal Bureau of Prisons, 961 F.2d 543, 546 (5th Cir. 1992) (internal quotations and citation omitted); see also Atlantis Dev. Corp. v. United States, 379 F.2d 818, 823 (5th Cir. 1967). In the enabling statute authorizing the Supreme Court to prescribe Rules and amendments, Congress also permits the Supreme Court to "fix the extent such [amended] rule shall apply to proceedings then pending." 28 U.S.C. § 2074. The only limitation upon the retroactive reach of the Supreme Court's direction is that:

> [The] **Court shall not require the application of such [amended] rule** to further proceedings then pending **to the extent that**, in the opinion of the court in which such proceedings are pending, **the application of such rule in such proceedings would work injustice**, in which event the former rule applies.

28 U.S.C. § 2074 (emphasis added). Thus, the presumption we discern from both the Supreme Court's and Congress' mandates as read in conjunction is that the newly amended rules of appellate procedure should apply unless their application in this case "would work injustice." For the reasons described below, we find that application of the amended rules in the instant case

complies with the Supreme Court's directive that they be immediately implemented "to the maximum extent possible" and that such application would not "work injustice."

The prior version of Rule 4, adopted by the Supreme Court in 1979, was intended to keep the parties from commencing the appellate process prematurely since "it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from." FED. R. APP. P. 4(a)(4) advisory committee's note (1979). Moreover, as the filing of the notice of appeal was the action which set the wheels of the appellate process in motion, under Federal Rules of Appellate Procedure 3, 10, and 12 -- e.g., transmittal and docketing of the notice of appeal, ordering the transcript, and preparation and transmittal of the record -- the drafters of the rules thought it advisable to defer filing the notice of appeal until the point at which the court of appeals could assume jurisdiction. Id. Thus, the prior rule was adopted to facilitate efficient court administration.

Unfortunately, the rule has had the opposite effect. Rather than streamline procedures, the 1979 version of Rule 4(a)(4) has resulted in the dismissal of countless appeals for lack of a timely notice of appeal. C. Adams, The Timing of Appeals Under Rule 4(A)(4) of the Federal Rules of Appellate Procedure, 123 F.R.D. 371, 375-78 (1988). For this reason, the rule has been

7

the subject of much controversy and criticism by both courts[4] and commentators.[5] Indeed, even the comments accompanying the recent amendments reflect that the amendments were necessary to remove the "trap for a litigant who files a notice of appeal before a posttrial motion or while a posttrial motion is pending . . . ." Report of the Advisory Committee on the Federal Rules of Appellate Procedure published August, 1991.

The cases interpreting the former rule further reveal its troublesome nature. The federal courts were frequently confronted with strangely-labeled motions seeking post-judgment relief that did not conform to a specific federal rule governing post-judgment procedures. As a result, the parties did not understand the motions to have voided a previously-filed notice of appeal and often did not file subsequent notices after the post-judgment motions were decided. Consequently, the courts wrestled with deciding whether the substance of the motion fit within any of the motions, however labelled, which would affect an appeal under Rule 4. This court attempted to provide a brightline test by holding en banc that

---

[4] See, e.g., Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir. 1984) (en banc), cert. denied, 479 U.S. 930 (1986); Averhart v. Arrendondo, 773 F.2d 919, 920 (7th Cir. 1985).

[5] C. Adams, The Timing of Appeals Under Rule 4(A)(4) of the Federal Rules of Appellate Procedure, 123 F.R.D. 371 (1988); N. Quay-Smith, Post Trial Motions & Notice of Appeal: Avoiding the Trap for the Unwary, 37 RES GESTAE 130 (1993); M. Hall, The Jurisdictional Nature of the Time to Appeal, 21 GA. L. REV. 399, 412-13, 427 (1986); Rosenberg, Solving the Federal Finality-Appealability Problem, 47 LAW & CONTEMP. PROBS. 171, 172-73 (1984).

> [a]ny post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors covered by Rule 60(a) is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of Fed.R.App.P. 4(a)(4).

Harcon Barge, 784 F.2d at 667. Litigation attempting to classify post-judgment motions, however, continued to grow exponentially. Compare Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988) (motion for attorneys' fees is not a Rule 59 motion) and Buchanan v. Stanships, Inc., 485 U.S. 265 (1988) (application for recovery of defendants' costs filed within ten days after judgment was not a Rule 59(e) motion) with Osterneck v. Ernst & Whinney, 489 U.S. 169 (1989) (motion for prejudgment interest filed after judgment was a motion to alter or amend under Rule 59(e)) and Bodin v. Gulf Oil Corp., 877 F.2d 438, 440 (5th Cir. 1989) (motion seeking leave to amend complaint filed within 10 days after judgment treated as Rule 59(e) motion).[6] Essentially, the appellate practitioner had to predict accurately whether a given post-judgment motion would be construed as a Rule 59(e) motion -- for which he must wait to file a notice of appeal -- or not -- in which case he must file a notice within thirty days of the judgment. If his prediction was in error, he risked losing his appeal on grounds that the notice of appeal was filed either

---

[6] See also Mortgage Guaranty Ins. Corp. v. Richard Carlyon Co., 904 F.2d 298, 300 (5th Cir. 1990) (where motion to withdraw motion to dismiss crossed in mail with final judgment granting dismissal, motion to withdraw treated as a Rule 59(e) motion); Birdsong v. Wrotenbery, 901 F.2d 1270, 1272 (5th Cir. 1990) (motion labeled as Rule 60(a) motion requesting only clarification of judgment construed as Rule 59(e) motion).

prematurely or too late.  In light of the constant confusion
surrounding these rules, even the most attentive of attorneys
could be ensnared.

The express purpose of the amendments to Rule 4(a)(4) was to
eliminate the "trap."  See Skoczylas, 961 F.2d at 545-46 (fact
that the express purpose in amending the rule was to remedy the
exact problem presented considered relevant in evaluating whether
amendments should be applied retroactively).

The old rule was not designed primarily to protect important
rights of the litigants, but to insure efficient court
operations.  The new rule is designed to serve both functions.
The appellees will not be prejudiced by employment of the new
rules; rather, they will simply lose a potential "windfall" of
having the appeal dismissed.  Cf. Skoczylas, 961 F.2d at 546
(noting that no manifest injustice would result from government's
inability to rely upon "a now-obsolete procedural loophole" under
the amended rules).  By contrast, if the old rule were to apply,
Burt, a pro se prisoner, would have his appeal dismissed and
would be forced to file renewed motions and briefs in a timely
manner or risk losing his right to appeal.  We cannot say that
application of the new rules in this situation would work a
"manifest injustice."  Id.

### III.  Conclusion

Accordingly, we hold that the amendments to Federal Rule of
Appellate Procedure 4(a)(4) are to be given retroactive
application in this case and that Burt's notice of appeal is

simply "ineffective to appeal from the [final] judgment or order . . . until the date of the entry of the order disposing of the last [post-judgment] motion outstanding."  Under amended Rule 3(d), the district court is required to send a copy of any later docket entry in Burt's case to the court of appeals.  Those docket entries will serve to advise this court of the date on which Burt's notice of appeal becomes effective.  Burt's pending motions are carried with the case.

## IV.  Supervisory Order

Various parts of the appellate process, addressed in Federal Rules of Appellate Procedure which were not amended in 1993, are tied to the filing of the notice of appeal.  See, e.g., FED. R. APP. P. 10(b) ("Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript . . . ."); FED. R. APP. P. 11(a) ("After filing the notice of appeal the appellant . . . shall comply with the provisions of Rule 10(b) and shall take any other action necessary to enable the clerk to assemble and transmit the record.").  In order for the appellate process to proceed on a timely and efficient basis, we hereby order, in the exercise of our supervisory jurisdiction over the district courts in the Fifth Circuit, that whenever a notice of appeal has been filed after announcement or entry of the judgment in a civil case or announcement of a decision, sentence, or order in a criminal case, but before disposition of any of the motions listed in Rule 4(a)(4) in a civil case or Rule 4(b) in a criminal case, the district court shall decide all such motions as

11

expeditiously as possible, consistent with a just and fair disposition thereof.

IT IS SO ORDERED.