19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Alan COBB, Plaintiff-Appellant,
v.
WEYERHAEUSER MORTGAGE COMPANY; et al., Defendants-Appellees.
 No. 93-15885.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 23, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Alan Cobb appeals pro se the district court's order granting defendants' motion to dismiss or for judgment on the pleadings or, in the alternative, for summary judgment. The district court granted the motion pursuant to D.Nev.Loc.R. 140-6 on the ground Cobb failed to file a proper response to defendants' motion in a timely manner. We affirm in part and dismiss in part.
 
 
 3
 * Appellate Jurisdiction
 
 
 4
 We consider sua sponte this court's jurisdiction over this appeal. McGuckin v. Smith, 974 F.2d 1050, 1052 (9th Cir.1992).
 
 
 5
 On April 20, 1993, the district court entered its order dismissing Cobb's action with prejudice. On April 29, 1993, Cobb filed a document entitled "Objection to Dismissal Rule 8(a) Without Chance for Trial and Ignore Motion Change of Venue to District.Az". Beneath these words was written, by hand, "Notice of Appeal".
 
 
 6
 In this Motion/Notice of Appeal, Cobb sought both a substantive change in the district court's April 20 order and relief based on grounds such as excusable neglect.[1] It is therefore apparent that Cobb sought relief under both Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(b). See Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 387 (9th Cir.1988) (in determining whether motion brought under Rule 59(e), court examines substance of requested relief). Moreover, Cobb's Motion was timely under Rule 59(e) because he served it on April 27, 1993, within 10 days after entry of the district court's April 20 order. See Fed.R.Civ.P. 59(e); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir.1984).
 
 
 7
 Prior to December 1, 1993, Rule 4(a)(4) of the Federal Rules of Appellate Procedure provided that a notice of appeal filed during the pendency of a timely Fed.R.Civ.P. 59(e) motion was a nullity. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60 (1982) (per curiam); Munden, 849 F.2d at 386. To perfect the appeal properly, the appellant had to file a new, timely notice of appeal after disposition of the Rule 59(e) motion. See Griggs, 459 U.S. at 60-61. Were we to apply those rules here, we would be compelled to dismiss Cobb's appeal because he failed to file a new notice of appeal after the district court denied his post-judgment motion on June 1, 1993. See id.
 
 
 8
 Effective December 1, 1993, however, the Appellate Rules were amended. In substance, Rule 4(a)(4) now provides that a notice of appeal filed while a timely Rule 59(e) motion is pending is no longer rendered a nullity, but, rather, is merely held in abeyance until the motion is resolved. See Fed.R.App.P. 4(a)(4); Leader Nat'l Ins. Co. v. Industrial Indemnity Ins. Co., No. 93-35921, slip op. (9th Cir. Mar. 16, 1994) (order); accord Burt v. Ware, No. 93-3065, 1994 WL 28026, at * 1 (5th Cir. Feb. 3, 1994) (per curiam). Amended Rule 4(a)(4) also provides that an appellant must file an amended notice of appeal if the appellant wishes to challenge the denial of the post-judgment motion. See Fed.R.App.P. 4(a)(4).
 
 
 9
 Although Cobb's appeal was already pending when amended Rule 4(a)(4) became effective, the Rule should be applied retroactively unless to do so would work injustice. See Leader Nat'l Ins. Co., No. 93-35921, slip op. Here, both sides have briefed the issues raised by the district court's order of dismissal. Thus, neither side would be prejudiced if we assert jurisdiction over this appeal and no delay would be caused by the need for further briefing or rescheduling.[2] Moreover, nothing in the record suggests that retroactive application of amended Rule 4(a)(4) in this case would be inappropriate.
 
 
 10
 Accordingly, Cobb's notice of appeal, filed on the same day as his post-judgment motion, was effective to confer jurisdiction on this court to review the district court's April 20, 1993 order. See Fed.R.App.P. 4(a)(4). To the extent Cobb appeals the district court's June 1, 1993 order denying his post-judgment motion, however, we lack jurisdiction to review it because Cobb never filed an amended notice of appeal. See id. We therefore dismiss that portion of this appeal.
 
 II
 Merits
 
 11
 We review for abuse of discretion the district court's dismissal pursuant to D.Nev.Loc.R. 140-6. See United States v. Warren, 601 F.2d 471, 473-74 (9th Cir.1979) (per curiam).
 
 
 12
 Cobb filed his complaint in this action on November 2, 1991. On September 17, 1992, defendants filed (1) a motion to compel production of documents;[3] and (2) a motion to dismiss or for judgment on the pleadings or, in the alternative, for summary judgment (hereinafter referred to as the "Motion to Dismiss"). Cobb filed responses to both motions on October 19, 1992, but the district court ordered them stricken for lack of proof of service.
 
 
 13
 On December 21, 1992, the district court issued an order noting that Cobb had not yet filed a proper response to defendants' September 17 motions, and stating that Cobb had therefore violated D.Nev.Loc.R. 140-4, which requires that an opposition to a motion be filed within 15 days after service of the motion. Nevertheless, because Cobb was proceeding pro se, the district court granted him an additional ten days to file his responses. The court warned, however, that it would dismiss the action pursuant to Local Rule 140-6 if Cobb failed to comply with the court's order. Local Rule 140-6 provides, in pertinent part, that "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."
 
 
 14
 On December 31, 1992, Cobb filed a document entitled "Plaintiff's Request Discovery Delay, Objection to Motions to Compell [sic] and/or Motion Dismiss and/or Be Awarded Summary Judmd [sic], and If Applicable, Motion to Set." On March 3, 1993, the district court granted defendants' motion to compel and ordered Cobb to produce the requested documents within 30 days. The district court also stated that Cobb's December 31 filing failed to address the issues raised in defendants' Motion to Dismiss. The court noted Cobb's pro se status, however, and that Cobb had alleged that medical problems had interfered with his ability to prosecute his action. The court thus granted Cobb 30 additional days to respond to the Motion to Dismiss. The court stated that defendants would not suffer prejudice because Cobb had already been given 30 days to comply with defendants' request for documents.
 
 
 15
 On March 4, 1993, Cobb filed a document entitled "Objection to Def. Motions to Dismiss or Summary Judgment, Motion for Change of Venue." On March 10, 1993, the district court ordered the document stricken for lack of proof of service.[4] On March 18, 1993, Cobb filed another document entitled "Objection to Order 3/2/93 Medical Release Provided to Def. Atty. A Year Ago." On April 20, 1993, the district court issued an order finding that Cobb's March 18 filing did not address any issues raised in defendants' Motion to Dismiss. The court accordingly granted the motion and dismissed Cobb's action with prejudice.
 
 
 16
 On appeal, Cobb raises several contentions, all of which lack merit. First, Cobb is correct that he twice filed a response within the time allowed by the district court. Those responses were properly stricken, however, because Cobb failed to file proofs of service. See Fed.R.Civ.P. 5(d); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants").
 
 
 17
 Second, in its order of March 3, 1993, the district court clearly notified Cobb that he had to address and rebut the issues raised in defendants' Motion to Dismiss. Cobb cites to no authority, nor are we aware of any, that supports his contention that the district court should have further advised him as to what constitutes a proper response.
 
 
 18
 Third, even assuming the truth of Cobb's allegation that page two was missing from his copy of the Motion to Dismiss, reversal of the district court's judgment is not warranted. Page two of the Motion to Dismiss merely states defendants' intention to move to dismiss for failure to state a claim or, in the alternative, for summary judgment. The memorandum of points and authorities, which contains defendants' legal arguments, is complete and was therefore sufficient to apprise Cobb of the pertinent issues.
 
 
 19
 Finally, the district court did not err by deciding defendants' Motion to Dismiss without first addressing Cobb's motion for change of venue. Cobb cites to no authority that supports his claim that his venue motion takes precedence over defendants' Motion to Dismiss.
 
 
 20
 In sum, the record shows that Cobb had ample opportunity to respond to defendants' Motion to Dismiss. In fact, the district court twice granted Cobb more time to respond specifically because of Cobb's pro se status and medical problems. None of Cobb's responses, even those that were stricken, addressed the issues raised in defendants' Motion to Dismiss. The district court, therefore, did not abuse its discretion by dismissing Cobb's action pursuant to Local Rule 140-6. See Warren, 601 F.2d at 473-74.
 
 
 21
 AFFIRMED IN PART and DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Among other things, Cobb alleged the district court should have allowed him more time to respond because he had suffered several heart attacks
 
 
 [2]
 In fact, defendants did not raise the jurisdictional issue either by motion to dismiss or in their answering brief
 
 
 [3]
 Defendants sought production of certain medical records of Cobb
 
 
 [4]
 Although it is unclear from the record, it is unlikely that Cobb's March 4 filing was intended as a response to the district court's March 3 order