McRAE, Justice,
dissenting:
By perfunctorily dismissing Kimbrough’s appeal with prejudice, the majority misses an opportunity to erase the injustice occurring when the notice of appeal is filed in advance of a final judgment. It further could reduce the time spent by litigants, their attorneys and even this Court[1] in determining whether a final order or judgment has been entered so that a notice of appeal will not be filed prematurely. The majority should provide that when notice inadvertently is filed before a final judgment is rendered, the appeal will *802 be deemed filed after final judgment is entered in the court below, consistent with Federal Rule of Appellate Procedure 4(a)(4). At the very least, therefore, I would dismiss Kimbrough’s appeal without prejudice. Accordingly, I dissent.
Fed. R.App. P. 4(a)(4) was amended effective December 1, 1993 to provide as follows:
If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.- This provision applies to a timely motion under the Federal Rules of Civil Procedure:
(A) for judgment under Rule 50(b);
(B) to amend or make additional findings of fact under Rule 52(b), whether or not granting the motion would alter the judgment;
(C) to alter or amend the judgment under Rule 59;
(D) for attorney’s fees under Rule 54 if a district court under Rule 58 extends the time for appeal;
(E) for a new trial under Rule 59; or
(F) for relief under Rule 60 if the motion is served within 10 days after the entry of judgment.
A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal....
Fed. R.App. P. 4(a)(4) (emphasis added). Miss. Sup.Ct. R. 4(d), now Miss. R.App. P. 4(d), tracks verbatim the language of the old Federal Rule 4(a)(4).
In Burt v. Ware, 14 F.3d 256 (5th Cir.1994), allowing the retroactive application of a newly-adopted rule of procedure where the United States Supreme Court had employed “just and practicable” language in adopting the amended rules, the Fifth Circuit explained that the former version of Rule 4 “was intended to keep parties from commencing the appellate process prematurely” and therefore, “was adopted to facilitate efficient court administration.” Burt, 14 F.3d at 258. As Burt points out, the rule had the opposite effect, resulting in the dismissal of countless cases for failure to file a timely notice of appeal. Id. It became, in essence, a “trap for a litigant who files a notice of appeal before a post trial motion or while a post trial motion is pending.” Id., quoting Report of the Advisory Committee on the Federal Rules of Appellate Procedure (August, 1991).
Essentially, the appellate practitioner had to predict accurately whether a given post-judgment motion would be construed as a Rule 59(e) motion — for which he must wait to file a notice of appeal — or not — in which case he must file a notice within thirty days of the judgment. If his prediction was in error, he risked losing his appeal on grounds that the notice of appeal was filed either prematurely or too late. In light of. the constant confusion surrounding these rules, even the most attentive of attorneys could be ensnared.
Id. at 259.
The new rule, in contrast, is designed not only to improve the efficiency of the court system, but also to protect the rights of the litigants. It is intended to prevent situations like Kimbrough’s and avoid the needless duplication of effort — on the part of both the appellant and this Court — required to refile a prematurely filed notice of appeal. Recognizing the trap our own Rule 4(d) presents for the unwary, I would, at the very least, dismiss Kimbrough’s claim without prejudice. Accordingly, I dissent.
DAN LEE, C.J., and BANKS and JAMES L. ROBERTS, Jr., JJ., join this opinion.

. See, e.g., City of Moss Point v. Miller, 608 So.2d 1332, 1335-1337 (Miss.1992)(In response to motion to dismiss appeal as premature, this Court first had to consider whether filing of notice of appeal prior to the trial court’s resolution of motion for prejudgment interest required dismissal of the appeal before reaching merits of the case.).