**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20217
Summary Calendar

CHARLOTTE DYCUS COOPER,

Plaintiff-Appellant,

versus

AL BLAZEI and MAXXIM MEDICAL, INC,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. CA-H-96-3522

March 25, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

This case is before us on appeal from an order of dismissal for want of prosecution entered

by the district court. For the following reasons we remand.

BACKGROUND

Appellant Charlotte Dycus Cooper filed suit in the district court on October 18, 1996 against

appellees Al Blazei and Maxxim Medical, Inc. for sexual discrimination. On February 3, 1997,

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

appellant's counsel attended a pre-trial conference at which the court ordered appellant to produce certain documents and disclosures to appellees' counsel by noon on February 4, 1997. The court also ordered another pre-trial conference set for February 10, 1997, at 4:30 p.m.

On February 6, 1997, the district court rescheduled the February 10 pre-trial conference for February 11, 1997, at 3:30 p.m. The notice was sent to appellant's counsel by fax. On February 11, 1997, when appellant's counsel failed to appear at the conference, the district court entered a Conference Memorandum indicating that appellant's case would be dismissed:

> Cooper made no Rule 26 disclosures before the initial pretrial conference and has not made the disclosures ordered at that conference.[2] Cooper failed to appear at today's conference. The case will be dismissed.

Accordingly, an order dismissing appellant's case for want of prosecution was signed on February 11 and entered on February 13, 1997.

On February 20, 1997, appellant filed an Emergency Motion to Reinstate Dismissed Case ("Emergency Motion"). The district court has not ruled on that motion.

On March 12, 1997, with the Emergency Motion still pending, appellant noticed this appeal and filed a new, identical suit in the same court. The district court entered an order notifying appellant that, because this appeal was filed before it had ruled on the Emergency Motion and because she refiled the identical case after this one was dismissed, the Emergency Motion would not be ruled upon unless and until we dismiss the appeal or otherwise rule.

## DISCUSSION

---

[2]Appellant claims that she did make the requisite Rule 26 disclosures by noon on February 4, 1997.

2

It is unclear whether appellant's Emergency Motion was intended to be a motion to alter or amend judgment under Rule 59(e) of the Federal Rules Civil Procedure or a motion for relief from a final order based on mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1).  In either case, because the Emergency Motion was filed within ten days after the entry of the district court's dismissal order, under Federal Rule of Appellate Procedure 4(a)(4)(E) or (F), the time for appeal would run from the entry of an order disposing of the Emergency Motion.  However, since the district court has yet to enter an order disposing of the Emergency Motion,  we must treat the notice of appeal filed by appellant as "dormant until the date the post-judgment motion is decided." United States v. $124,813.00 in U.S. Currency, 53 F.3d 108, 110 (5th Cir.  1995).  Thus, appellant's notice of appeal will not serve to invoke our jurisdiction over this case until and unless the district court denies appellant's Emergency Motion.  See Lauderdale School District v.  Enterprise School District, 24 F.3d 671, 682 (5th Cir. 1994) (where Rule 59(e) motion was pending at time notice of appeal was filed, Court of Appeals declined to review order made subject of the Rule 59(e) motion until it was ruled upon); Burt v.  Ware, 14 F.3d 256, 257-58 (5th Cir. 1994).  Accordingly, we remand this case to the district court for further proceedings.