IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40946
Summary Calendar
_____

ESPERANZA ALANIZ; VALENTINE GONZALEZ; CHARLES KIRK;
LESTER EWING; JOSEPH MORENO; ROSALIO SUAREZ;
LESTER MAYBERRY; CHARLES BRYSON,

                                        Plaintiffs-Appellants,

versus

ANTONIO GONZALES, Individually and in his Official
Capacity as Sheriff of Kleberg County Texas,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-450
--------------------

June 30, 1999

Before KING, Chief Judge, EMILIO M. GARZA, and DeMOSS, Circuit
Judges.

PER CURIAM:[*]

     Esperanza Alaniz, Valentine Gonzalez, Charles Kirk, Lester
Ewing, Joseph Moreno, Rosalio Suarez, Lester Mayberry, and
Charles Bryson filed a civil rights complaint against Antonio
Gonzalez, a newly-elected sheriff, alleging that Gonzales
violated their First and Fourteenth Amendment rights when he
refused to retain them after he was elected.  The district court
granted summary judgment for Gonzales.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The plaintiffs-appellants argue that the district court abused its discretion when it refused to grant their motion brought pursuant to Fed. R. Civ. P. Rule 60(b), asking the court to vacate its denial of their motion to file an out-of-time response to Gonzales's motion for summary judgment. Despite its caption, the plaintiffs' motion for relief fell only under Rule 59(e). See Burt v. Ware, 14 F.3d 256, 258 (5th Cir. 1994); Ford v. Elsbury, 32 F.3d 931, 937 & nn. 7, 8 (5th Cir. 1994). Inasmuch as counsel for plaintiffs simply missed the deadline to file an opposition, the district court's denial of Rule 59(e) relief was not an abuse of discretion. See Pioneer Investment v. Brunswick, 507 U.S. 380 (1993); Midland West Corp. v. Federal Deposit Ins. Corp., 911 F.2d 1141, 1145 (5th Cir. 1990).

The plaintiffs also argue that they were entitled to a new trial pursuant to Fed. R. Civ. P. 59(e) on the merits of their political retaliation claims. Gonzales's summary judgment evidence established that his hiring decisions were not based on political considerations, and the plaintiffs failed to carry their burden of showing that a genuine issue of material fact existed so as to preclude summary judgment. Thus, the district court's summary judgment for Gonzales was reasonable, and its denial of relief pursuant to Rule 59(e) was not an abuse of discretion. See Midland West Corp., 911 F.2d at 1145; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986); Correa v. Fischer, 982 F.2d 931, 933 (5th Cir. 1993).

Plaintiff Kirk argues that he was entitled to relief under Rules 60(b) and 59(e) from summary judgment for Gonzales on his

claim under the Fair Labor Standards Act.  See 29 U.S.C. § 207; Newton v. City of Henderson, 47 F.3d 746, 748 (5th Cir. 1995). Kirk failed to come forward with any evidence establishing his employment by the county during the time he alleged he was entitled to overtime pay.  Accordingly, summary judgment for Gonzales was appropriate on this claim as well, and the district court's denial of post-judgment relief was not an abuse of discretion.  See Midland West Corp., 911 F.2d at 1145.

The judgment of the district court is AFFIRMED.