IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30015
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN JERRY FIELDS, JR.,

Defendant-Appellant.

- - - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-512
USDC No. 93-CR-10011-2
- - - - - - - - - - - -

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). An examination of the record in this case discloses that the notice of appeal is ineffective.

Allen Jerry Fields, Jr., federal prisoner #08388-035, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. The final

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment was entered on December 11, 1998.  On December 28, 1998,

Fields filed both a notice of appeal and a motion to reconsider.

The district court has not ruled on the motion to reconsider.

Rule 4(a)(4), Fed. R. App. P., provides that, if a timely

motion is made pursuant to Fed. R. Civ. P. 59(e), a notice of

appeal filed after entry of the judgment, but before disposition

of the motion, is ineffective until the entry of the order

disposing of the motion.  A motion requesting reconsideration of

the judgment is treated as a Rule 59 motion for purposes of Rule

4(a)(4)(iv), regardless of the label applied to the motion, if it

is made within the 10-day limit for Rule 59 motions.  Mangieri v.

Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co.

v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.) (en

banc), cert. denied, 479 U.S. 930 (1986).  In the present case,

Fields' December 28 motion must be treated as a Rule 59(e)

motion; it seeks reconsideration, and it was filed within ten

days of entry of the judgment, excluding Saturdays, Sundays, and

the intermediate legal holiday.  See FED. R. CIV. P. 6(a).

The district court's order denying a COA cannot be construed

as disposing of the Rule 59(e) motion because there is no

indication that the court considered the Rule 59(e) motion in

denying a COA.  As the Rule 59(e) motion has not yet been

disposed of, the petitioner's notice of appeal is ineffective.

See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).

Accordingly, the case must be remanded, and the record returned

to the district court, for consideration of the outstanding

motion as expeditiously as possible, consistent with a just and fair disposition thereof.  <u>See</u> <u>id</u>. at 261.  Fields' COA motion and motion to expedite the COA proceedings shall be held in abeyance until his notice of appeal is effective.  We instruct the clerk of this court to process the pending motions immediately upon the return of this case from the district court.

REMANDED.