IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20954
USDC H-97-CV-2057
_____


TERRY LEE WALLS,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

October 1, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Terry Lee Walls, Texas state prisoner # 613732, has applied to this court for a certificate of appealability (COA) and leave to appeal in forma pauperis (IFP).  IT IS ORDERED that IFP is GRANTED, COA is DENIED as premature, and the cause is REMANDED for further proceedings.

    On the tenth calendar day after entry of the final judgment dismissing Walls's habeas corpus petition, he filed a motion seeking relief from the judgment.  The record indicates that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court has not ruled on this motion.

A motion challenging the correctness of the judgment is treated as a Fed. R. Civ. P. 59 motion for purposes of Fed. R. App. P. 4(a)(4)(B)(i), regardless of the label applied to the motion, if it is made within the ten-day limit for Rule 59 motions. Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc). Rule 4(a)(4)(B)(i) provides that if a timely motion is made pursuant to Rule 59(e), a notice of appeal filed after entry of the judgment, but before disposition of the motion, is ineffective until the entry of an order disposing of the motion.

Walls's postjudgment motion must be treated as a Rule 59(e) motion because the motion was filed within ten days of the entry of the judgment dismissing his habeas petition. Since the Rule 59(e) motion has not yet been disposed of, Walls's notice of appeal is ineffective. Accordingly, we must REMAND the cause to for the limited purpose of permitting the district court to rule on the motion as expeditiously as possible. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).

Following entry of the district court's order on Walls's Rule 59(e) motion, he may file an amended notice of appeal within the period prescribed in Fed. R. App. P. 4(a)(1), designating the orders or judgments from which he wishes to appeal. See Fed. R. App. P. 4(a)(4)(B)(ii).

IFP GRANTED; COA DENIED; CAUSE REMANDED.