IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40054
Summary Calendar
_____

ISAAC FRANKLIN,

Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ, Chairman, Board of Pardons and Parole;
GERALD GARRETT, Board Member; BRENDOLYN ROGERS GARDNER,
Board Member; W. G. "BILLY" WALKER, Board Member,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-83
- - - - - - - - - -
October 1, 2001

Before JOLLY, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Isaac Franklin, Texas prisoner #557634, appeals the district court's dismissal of his 42 U.S.C. § 1983 lawsuit with prejudice and the district court's denial of his postjudgment motion seeking withdrawal of the court's collection order regarding the filing fee for Franklin's lawsuit. As an initial matter, however, this court must examine the basis of its jurisdiction, on its own motion, if necessary. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). FED R. APP. P. 4(a)(4)(B)(i) provides

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that, if a timely motion is made pursuant to FED. R. CIV. P. 59(e), a notice of appeal filed after entry of the judgment, but before disposition of the motion, is ineffective until the entry of the order disposing of the motion. With the exception of a motion requesting correction of a clerical error, all postjudgment motions that call into question the correctness of the judgment and which are filed within 10 days of the judgment's entry are treated as Rule 59(e) motions, regardless the label applied to the motion. See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986)(en banc).

Within 10 days after entry of the district court's final judgment, Franklin filed a request for modification of the district court's dismissal. Such request should be treated as a Rule 59(e) motion because it was filed within ten days of entry of the judgment, and it called into question the correctness of the judgment. Because the district court has not ruled on such motion, Franklin's notice of appeal is not yet effective. See FED R. APP. P. 4(a)(4)(B)(i).

The case is REMANDED and the clerk of this court is ordered to return the record to the district court for it to rule on the Rule 59(e) motion as expeditiously as possible. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994). Should the district court deny the motion, Franklin's notice of appeal will become effective.

REMANDED.