**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 26, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-40600
Summary Calendar

DAVID GENE MORRIS,

Plaintiff-Appellee,

versus

CHRISTY POWELL; ET AL,

Defendants,

CHRISTY POWELL; CHARLES POWELL,
Major; ANDY MASSINGILL, Warden,

Defendants-
Appellants.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:99-CV-263
-----------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Christy Powell, Charles Powell, and Andy Massingill, all named defendants in a civil rights

suit filed by David Gene Morris, Texas prisoner # 285845, appeal the district court's denial of their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment motions based upon qualified immunity. This court must examine the basis of its jurisdiction on its own motion if necessary. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Under FED. R. APP. P. 4(a)(4), the filing of a timely FED. R. CIV. P. 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the motion. A motion requesting reconsideration of a judgment is treated as a FED. R. CIV. P. 59 motion for purposes of FED. R. APP. P. 4(a)(4), regardless of the label applied to the motion, if it is made within the 10-day limit for FED. R. CIV. P. 59(e) motions. See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

Within 10 days of the district court's denial of their summary judgment motions, the Powells and Massingill filed a motion for reconsideration. Given the timing of the motion, this court must treat it as a FED. R. CIV. P. 59(e) motion, and, because the district court has not yet ruled on the motion, the notice of the appeal in this case is not yet effective. Accordingly, this case must be remanded, and the record returned to the district court, so that the district court may rule upon the FED. R. CIV. P. 59(e) motion. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).

LIMITED REMAND.