Lonnie DONNELLY, Plaintiff–
Appellant,

v.

Linda EDWARDS; Scott Fitch, Warden;
Diane Foy, Commander; Dana Ricks,
Hearing Officer; Nichole Beranich,
Unit Manager; W. Clemens, Chief of
Security, Defendants–Appellees.

No. 03–60482.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2003.

Lonnie Donnelly, pro se, Walnut Grove,
MS, for Plaintiff–Appellant.

Lee Thaggard, Bourdeaux & Jones, Me-
ridian, MS, for Defendants–Appellees.

Before DUHÉ, WIENER, and
DENNIS, Circuit Judges.

PER CURIAM.*

Lonnie Donnelly, Mississippi prisoner
# K1304, proceeding *in forma pauperis*,
filed a *pro se* complaint pursuant to 42
U.S.C. § 1983 and consented to have his
case determined by a magistrate judge,
who dismissed the complaint.

This court must examine the basis of its
jurisdiction on its own motion if necessary.
*See Mosley v. Cozby*, 813 F.2d 659, 660
(5th Cir.1987). Under FED. R.APP. P.
4(a)(4), the filing of a timely FED. R. CIV. P.
59(e) motion renders a notice of appeal
ineffective until an order is entered dispos-

ing of the motion. A motion requesting
reconsideration of a judgment is treated as
a Rule 59 motion for purposes of FED.
R.APP. P. 4(a)(4), regardless of the label
applied to the motion, if it is made within
the 10–day limit for Rule 59(e) motions.
*See Mangieri v. Clifton*, 29 F.3d 1012, 1015
n. 5 (5th Cir.1994); *Harcon Barge Co. v. D
& G Boat Rentals, Inc.*, 784 F.2d 665, 667
(5th Cir.1986) (en banc).

Although styled as "objections" to the
judgment, Donnelly's post-judgment filing
challenges the magistrate judge's dismissal
of his complaint. Accordingly, despite the
label affixed by this *pro se* litigant, the
post-judgment filing must be regarded as
a Rule 59(e) motion because it was filed
within 10 days of the entry of judgment.
*See* FED. R. CIV. P. 6(a); *see also Harcon
Barge*, 784 F.2d at 667.

Accordingly, this case must be remand-
ed, and the record returned to the magis-
trate judge, so that the magistrate judge
may rule upon Donnelly's Rule 59(e) mo-
tion as expeditiously as possible, consistent
with a just and fair disposition thereof.
*See Burt v. Ware*, 14 F.3d 256, 260–61 (5th
Cir.1994).

This court retains jurisdiction over the
appeal except for the purposes of the limit-
ed remand stated above.

LIMITED REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.