United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-60478
Summary Calendar

LONNIE DONNELLY,

Plaintiff-Appellant,

versus

WES CLEMENS; AMBER DARBY; LINDA EDWARDS; DIANE FOY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-501-S
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lonnie Donnelly, Mississippi prisoner # K1304, appeals the magistrate judge's dismissal as frivolous of his 42 U.S.C. § 1983 action alleging denial of access to the courts. This court must examine the basis of its jurisdiction on its own motion if necessary.[1] Under FED. R. APP. P. 4(a)(4), the filing of a timely FED. R. CIV. P. 59(e) motion renders a notice of appeal ineffective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).

until an order is entered disposing of the motion. A motion requesting reconsideration of a judgment is treated as a FED. R. CIV. P. 59(e) motion for purposes of FED. R. APP. P. 4(a)(4), regardless of the label applied to the motion, if it is made within the ten-day limit for such motions.[2]

Although styled as "objections" to the judgment, Donnelly's postjudgment filing challenges the magistrate judge's dismissal of his complaint. Accordingly, despite the label affixed by this *pro se* litigant, the postjudgment filing must be regarded as a FED. R. CIV. P. 59(e) motion because it was filed within ten days of the entry of judgment.[3]

Accordingly, this case must be remanded, and the record returned to the magistrate judge, so that the magistrate judge may rule on Donnelly's FED. R. CIV. P. 59(e) motion as expeditiously as possible, consistent with a just and fair disposition thereof.[4] This court retains jurisdiction over the appeal except for the purposes of the limited remand stated above.

LIMITED REMAND.

---

[2] See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986)(en banc).

[3] See FED. R. CIV. P. 6(a); see also Harcon Barge, 784 F.2d at 667.

[4] See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994).