**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2012

No. 11-30543
Summary Calendar

Lyle W. Cayce
Clerk

KELVIN WELLS,

Plaintiff - Appellant

v.

DOUG WELBORN, Clerk of Court; THE FAMILY COURT, 19th J.D.C.; A.J. KLING, Judge,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
Dist. Ct. Docket No. 3:11-CV-32

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kelvin Wells appeals[1] the district court's dismissal of his complaint for "violation of due process clause and equal protection" which asked the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Wells included his notice of appeal with his motion for relief from judgment in the same document. Because the court denied the motion for relief, we conclude that the notice of appeal is effective as of the date of the court's denial to appeal the district court's June 7, 2011 judgment. *Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994).

No. 11-30543

court to assume jurisdiction of the state court matters and award damages for civil rights violations. Wells claims that his state court complaints and filings have been ignored by Judge Kling and the clerk of court, Doug Welborn, acting with discriminatory intent.

Wells fails to address the district court's conclusion that the "East Baton Rouge Family Court" is not a juridical entity, so he has abandoned any argument regarding that party. *Brinkmann v. Abner*, 813 F.3d 744, 748 (5th Cir. 1993)

With respect to the district court's conclusion that Judge Kling is entitled to absolute immunity, Wells fails to point to any facts showing that Judge Kling acted outside his judicial authority. His citation to *Hafer v. Melo*, 502 U.S. 21 (1991), dealing with individual capacity liability of a non-judicial government official for employment decisions, is inapposite to the facts (such as they can be discerned) of this case. Indeed, *Hafer* distinguished the case before it from the case of judges carrying out their judicial duties. *Id.* at 30-31.

We also agree with the district court's conclusion regarding the allegations against the Clerk of Court, Doug Welborn. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949-50 (2009).

Finally, Wells's request that the federal district court "take control" of the state court proceedings runs afoul of the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

AFFIRMED.

2