# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2017

Lyle W. Cayce
Clerk

GEORGE JONES,

Plaintiff-Appellant

v.

DUSTIN ANDERSON, Sergeant,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-122

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant George Alvin Jones, Texas prisoner # 1436799, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint and grant of the defendant's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56.

We must examine the basis of our jurisdiction, and we may do so sua sponte if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Jones's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10514

"Response to Order Granting Summary Judgment," which seeks to have his case reinstated and tried before a jury, and which was filed within 28 days of the district court's entry of judgment, is properly construed as a Federal Rule of Civil Procedure 59(e) motion. *See United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990) (construing post-judgment objection to the magistrate judge's report as a Rule 59(e) motion). When a litigant files a timely Rule 59(e) motion and a notice of appeal, the notice of appeal does not become effective until the entry of the order disposing of the motion. FED. R. APP. P. 4(a)(4)(A)(iv), (B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994).

This appeal is premature because the district court has not yet decided the constructive Rule 59(e) motion. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005); *Burt*, 14 F. 3d at 260-61. We therefore remand this case to the district court for the limited purpose of allowing it to rule on Jones's pending post-judgment motion. Jones's appeal is held in abeyance pending such disposition by the district court.

REMANDED FOR LIMITED PURPOSE; APPEAL HELD IN ABEYANCE.