# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20052

DAVID LEE JOHNSON,

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2018

Lyle W. Cayce
Clerk

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2191

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

David Lee Johnson, Texas prisoner # 1829266, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his conviction for assault by a family/house member with two plus acts of violence. The district court dismissed his § 2254 petition as time barred.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20052

"This court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Within 28 days of the entry of the final judgment dismissing his § 2254 petition, Johnson filed a self-styled motion pursuant to Federal Rule of Civil Procedure 60(b), challenging the correctness of the court's dismissal of his § 2254 petition. Because the motion was filed within 28 days of the entry of judgment, then it must be construed as a motion pursuant to Federal Rule of Civil Procedure 59(e). *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); *see also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668-69 (5th Cir. 1986) (en banc).

The record does not reflect that the district court has ruled on Johnson's postjudgment motion. As the motion has not yet been disposed of, his notice of appeal is ineffective. *See Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994); *see also* FED. R. APP. P. 4(a)(4)(B)(i). Accordingly, the case must be remanded for consideration of the outstanding motion[1] as expeditiously as possible, consistent with a just and fair disposition thereof. *See Burt*, 14 F.3d at 261. Johnson's COA motion and motion to view and obtain a sealed document shall be held in abeyance until his notice of appeal is effective. We instruct the clerk of this court to process the pending motions immediately upon the return of this case from the district court.

LIMITED REMAND; HOLD MOTIONS IN ABEYANCE.

---

[1] Docket entry no. 11 on the district court's docket sheet.

2