# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2022

Lyle W. Cayce
Clerk

No. 21-20526
Summary Calendar

Deidrick L. Capers,

*Plaintiff—Appellant*,

*versus*

P. Lindsay; Ed Gonzalez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1006

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Deidrick L. Capers, a former Harris County Jail detainee, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint. Before considering his appeal, we must examine the basis of our jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20526

After the district court entered judgment dismissing Capers's complaint, Capers filed a letter asking the district court to reconsider its ruling. The letter was filed within 28 days from the district court's entry of judgment and is properly construed as a Federal Rule of Civil Procedure 59(e) motion. *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994). Where a litigant files a timely Rule 59(e) motion and a notice of appeal, the notice of appeal does not become effective until entry of the order disposing of the motion. FED. R. APP. P. 4(a)(4)(A)(iv), (B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994).

Because the district court has not ruled on the Rule 59(e) motion, this appeal is premature. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005); *Burt*, 14 F.3d at 260-61. Accordingly, the case is remanded to the district court for the limited purpose of allowing the district court to rule on Capers's pending postjudgment motion.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.