# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2022

Lyle W. Cayce
Clerk

No. 21-40055
Summary Calendar

Rosendo Padilla, Jr.,

*Plaintiff—Appellant*,

*versus*

Thomas Quintero,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-CV-119

---

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

Rosendo Padilla, Jr., federal prisoner # 89203-179, appeals the dismissal of his civil rights complaint and the denial of his motion to alter or amend the judgment. He argues that the district court considered extraneous documents and matters outside of the complaint, thereby triggering Federal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40055

Rule of Civil Procedure 12(d) and requiring the defendant's Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings to be treated as one for summary judgment. Accordingly, he maintains that the district court erred by granting the defendant's motion without an evidentiary hearing because there were still contestable issues of fact. Padilla further argues that the district court erred by determining that the notice of appeal divested it of jurisdiction to consider his Federal Rule of Civil Procedure 59(e) motion.

Where, as here, a litigant files a timely Rule 59(e) motion and a notice of appeal, the notice of appeal does not become effective until the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994). Thus, the district court retained jurisdiction to dispose of Padilla's Rule 59(e) motion. *See Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 868-70 (5th Cir. 2002); *Burt*, 14 F.3d at 261. Accordingly, the district court erred in denying Padilla's Rule 59(e) motion for lack of jurisdiction.

The order of the district court denying the Rule 59(e) motion is REVERSED, and the matter is REMANDED for proper consideration. Padilla's motion to remand is DENIED as moot.