IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31386
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERMAN STEVENSON, III,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1932-S
USDC No. 95-CR-377-3-S
- - - - - - - - - - -
June 28, 2000

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). An examination of the record in this case discloses that the notice of appeal is ineffective.

Herman Stevenson, III, federal prisoner # 24905-034, seeks leave to proceed in forma pauperis (IFP) on appeal and a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. This court must examine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).

Stevenson's "Timely Objection to the District Judge Denial Order of Movant '2255' Motion and Request for Preliminary Consideration for Appellate De Novo Review," which was docketed as his notice of appeal, does not clearly evince his intent to appeal as he directed the motion to the district court and asked that the district court withdraw its order. Because Stevenson's "objection" was filed within the 10-day period and requested relief from the district court's judgment, it is more properly treated as a Rule 59(e) motion. Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-69 (5th Cir. 1986)(en banc).

The district court's order denying a COA cannot be construed as disposing of the Rule 59(e) motion because there is no indication that the court considered the Rule 59(e) motion in denying a COA. Stevenson's "petition" for review, which was filed within the period allowed for noticing an appeal, clearly evinces Stevenson's intent to appeal to this court: the petition is addressed to this court, it seeks review of the district court orders, and it specifically seeks relief from this court. Under Fed. R. App. P. 4(a)(4)(B)(i), Stevenson's notice of appeal (i.e., the "petition") is ineffective until the date of entry of an order disposing of the Rule 59(e) motion. See Burt v. Ware, 14 F.3d 256, 260-61 (5th Cir. 1994). Accordingly, the case must be remanded, and the record returned to the district court, for consideration of the outstanding motion as expeditiously as possible, consistent with a just and fair disposition thereof. See id. at 261.

REMANDED.