IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2007

Charles R. Fulbruge III
Clerk

No. 06-20916
Summary Calendar

RONALD X GORDON

Plaintiff-Appellant

v.

TEXAS FIRST BANK - TEXAS CITY

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2905

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronald X. Gordon has filed a motion for leave to proceed in forma pauperis (IFP) and other motions in this appeal from the district court's dismissal of his civil complaint for lack of jurisdiction and denial of his motion for leave to appeal IFP.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007).

Within ten days of the district court's judgment, Gordon filed 1) an October 17, 2006, amended complaint and an emergency application for injunctive relief, 2) an October 18, 2006, "application for immediate emergency relief for governmental intervention for enforcement of act of congress," and 3) an October 31, 2006, "relator's statement of emergency for enforcement of act of congress." We construe Gordon's motions as timely seeking relief under FED. R. CIV. P. 59(e), rendering the notice of appeal ineffective until the district court enters an order disposing of the motions. FED. R. APP. P. 4(a)(4)(B)(i). Gordon's notice of appeal is, therefore, ineffective.

Consequently, this case must be remanded, and the record returned, so that the district court may rule on Gordon's post-judgment motions "as expeditiously as possible, consistent with a just and fair disposition thereof." Burt v. Ware, 14 F.3d 256, 261 (5th Cir. 1994). The clerk of this court shall process the appeal immediately upon the return of the case from the district court.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.