# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-30082
Summary Calendar

STEVEN M. HUNTER

Petitioner-Appellant

v.

UNITED STATES PAROLE COMMISSION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1745

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Steven M. Hunter, federal prisoner # 03704-017, appeals the district court's denial of his 28 U.S.C. § 2241 petition alleging that: (1) the United States Parole Commission's (USPC) application of the amended parole rules and guidelines was unconstitutional, in violation of the Ex Post Facto Clause, and an abuse of discretion; (2) the USPC treated him differently than similar District of Columbia prisoners in violation of the Equal Protection Clause; (3) the USPC impermissibly considered a recorded telephone conversation between him and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his mother; (4) the USPC erred in failing to grant his petition for a special reconsideration hearing; and (5) the USPC abused its discretion when it failed to accept the hearing examiner's recommendation.

This court must examine the basis of its jurisdiction, sua sponte, if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007). Under FED. R. APP. P. 4(a)(4), the filing of a timely FED. R. CIV. P. 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the motion. FED. R. APP. P. 4(a)(4)(B)(i); Burt v. Ware, 14 F.3d 256, 260 (5th Cir. 1994). A motion challenging the correctness of the district court's judgment is treated as a Rule 59(e) motion for purposes of Rule 4(a)(4), regardless of the label applied to the motion, if it is made within the 10-day limit for Rule 59(e) motions. See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

Within 10 days of the entry of the district court's judgment, Hunter filed objections to the magistrate judge's report and recommendation. Because Hunter's objections challenged the correctness of the district court's judgment, they are properly construed as a Rule 59(e) motion. See United States v. Gallardo, 915 F.2d 149, 150 n.2 (5th Cir. 1990). Accordingly, this case is remanded for the limited purpose of allowing the district court to rule on the Rule 59(e) motion as expeditiously as possible, consistent with a just and fair disposition thereof. See Burt v. Ware, 14 F.3d at 260-61. We hold the appeal in abeyance until the notice becomes effective, and we retain jurisdiction over the appeal except for the purposes of the limited remand. We also instruct the clerk of this court to process the appeal immediately upon the return of the case from the district court.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.