# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60284
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STARSKY DARNELL REDD,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-560

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Starsky Darnell Redd, federal prisoner # 05967-043, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court granted Redd a certificate of appealability (COA) on a single issue. We affirm in part and dismiss in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60284

I.

Redd was convicted by a jury on one count of conspiracy to commit money laundering and four substantive counts of money laundering. He was sentenced to four consecutive 20-year sentences, a consecutive 10-year sentence, and a three-year term of supervised release. On direct appeal, Redd asserted that (1) his statutory and constitutional rights to a speedy trial had been violated; (2) evidence of his prior drug arrest was erroneously allowed into evidence; (3) an IRS agent was improperly allowed to testify as an expert witness; (4) two jury instructions that he requested were erroneously denied; (5) the jury was erroneously instructed regarding the definition of the term "proceeds"; (6) the jury was erroneously given supplemental jury instructions; (7) the evidence was insufficient to support the verdict; (8) the use of the 2005 version of the Sentencing Guidelines rather than the 2000 version gave rise to an ex post facto violation; and (9) the sentence imposed was procedurally unreasonable. *See United States v. Redd*, No. 06-60806, 2009 WL 348831, at *2-12 (5th Cir. Feb. 12, 2009) (unpublished). We affirmed Redd's convictions and sentences. *Id.* at 16. The Supreme Court denied certiorari. *Redd v. United States*, 558 U.S. 863 (2009).

In October 2010, Redd filed this § 2255 motion, challenging the effectiveness of his trial and appellate counsel on numerous grounds. Pertinent here, he asserted that counsel rendered ineffective assistance at sentencing and on appeal by failing to complain that the use of the 2005 Sentencing Guidelines violated the Ex Post Facto Clause. The government's response asserted that Redd was not entitled to relief on the merits of his allegations. In addition, Redd's trial and appellate counsel, Darren Lamarca, submitted an affidavit refuting Redd's claims, and Redd replied to the government's response.

2

No. 14-60284

The district court entered a memorandum opinion, rejecting Redd's ineffective-assistance claims on the merits, but it did not enter a judgment. Within 28 days of the entry of that opinion, Redd submitted an "Objection," which referenced the district court's denial of the § 2255 motion. Those objections asserted, *inter alia*, that Redd suffered an ex post facto violation at sentencing and that the district court should have applied the 2000 version of the Guidelines, which would have resulted in a more lenient sentence.

Redd also submitted a notice of appeal and sought leave to proceed in forma pauperis (IFP). He later moved, together with codefendant Delores Brown Redd, to amend the § 2255 pleadings to challenge (1) the supplemental jury instructions, (2) the government's failure to prove all elements beyond a reasonable doubt, and (3) the "duplicity" of the charged offenses. In a second motion to amend, Redd asserted that the jury's verdict was inconsistent and that the court improperly took Redd's participation in the underlying illegal drug activity into account when sentencing him for money laundering.

The district court denied IFP status, determining that Redd was capable of paying the appellate filing fee. The court also granted a COA on the single issue whether the use of the 2005 Sentencing Guidelines produced an ex post facto violation. Redd renewed his motion for a new trial. The district court concluded that Redd's motions to amend his § 2255 motion and for a new trial constituted successive § 2255 motions which it lacked jurisdiction to consider. The district court did not explicitly rule on Redd's "Objection."

No. 14-60284

II.

We must examine the basis of our jurisdiction sua sponte if necessary.[1] We have jurisdiction to hear this appeal only if Redd's notice of appeal was effective. Although not raised by the parties, we must consider whether the district court's failure to rule explicitly on Redd's objections to the denial of his § 2255 motion renders his notice of appeal ineffective.

Regardless how it is characterized, a motion challenging the correctness of a judgment is treated as a motion filed under Federal Rule of Civil Procedure 59(e) for purposes of Federal Rule of Appellate Procedure 4(a)(4) if it is made within the 28-day limit for filing such motions.[2]  If a timely motion is made pursuant to Rule 59(e), then a notice of appeal filed after the entry of judgment, but before disposition of the motion, is ineffective until the entry of an order disposing of the motion.[3]

Redd submitted objections to the district court's denial of § 2255 relief within 28 days of the district court's entry of the final order. We construe that filing as a motion for reconsideration under Rule 59(e).[4]  The district court did

---

[1] *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

[2] *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994).

[3] FED. R. APP. P. 4(a)(4)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994).

[4] *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). Although the district court did not enter a separate judgment as required under Federal Rule of Civil Procedure 58(a), Redd's motion still serves as a Rule 59(e) motion that renders the notice of appeal effective. *See Britt v. Whitmire*, 956 F.2d 509, 515-16 (5th Cir. 1992). At the time *Britt* was decided, Rule 4(a)(4) stated that a notice of appeal filed prior to the submission of a Rule 59(e) motion was null. *Britt*, 956 F.2d at 512. The rule has been amended to state that the prior-filed notice of appeal becomes effective once there is a ruling on the Rule 59(e) motion. Rule 4(a)(4)(B)(i). Additionally, Rule 58 has been amended to state that a judgment is considered to be entered 150 days after entry of the final order. FED. R. CIV. P. 58(c)(2)(B). Because 150 days have passed since the district court's final order, there is a final judgment in the instant case; however, there is still no explicit ruling on the Rule 59(e) motion.

4

No. 14-60284

not explicitly rule on these objections. The court denied Redd's motions to amend his § 2255 motion and for a new trial, but it did not include a ruling on the objections. The district court's order granting him a COA did, however, address the ex post facto challenge that Redd had raised in his objections. We find no authority directly addressing this point, but we conclude that the district court's grant of a COA constitutes an implicit disposition of Redd's Rule 59(e) motion.[5]    Redd's notice of appeal is thus effective, and we have jurisdiction to hear this appeal.[6]

## III

We turn now to the merits of Redd's appellate arguments. In considering a § 2255 motion, this court reviews the district court's factual findings for clear error and its conclusions of law de novo.[7]  The claim on which the district court granted a COA involves allegations that Redd's attorney rendered ineffective assistance.[8]  To prevail on a claim of ineffective assistance of counsel, Redd must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that deficient performance prejudiced the defense.[9]  A failure to establish either prong defeats the claim.[10]

---

[5] *Cf. Norman v. Apache Corp.*, 19 F.3d 1017, 1021-22 (5th Cir. 1994) (finding that a denial of relief in a case constitutes an implicit denial of a motion to amend because denial is inconsistent with granting the motion).

[6] *See* FED. R. APP. P. 4(a)(4)(B)(i).

[7] *United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009).

[8] Although the district court phrased the issue on which it granted a COA as a substantive ex post facto challenge, Redd actually argued in the district court that counsel rendered ineffective assistance by failing to make an ex post facto argument, and the district court analyzed the claim as an allegation of ineffective assistance.

[9] *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984).

[10] *Strickland*, 466 U.S. at 697.

5

No. 14-60284

A court considering such a claim "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance."[11]    A prisoner makes the required showing of prejudice if he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12]

## A. Ex Post Facto Violation

The district court granted a COA for Redd's claim of an "[a]lleged ex post facto violation in use of 2005 Federal Sentencing Guidelines." Redd urges that Lamarca rendered ineffective assistance by failing to contend at sentencing that the use of the 2005 Sentencing Guidelines constituted an ex post facto violation. Specifically, he maintains that in November 2001 the money laundering Guideline changed significantly.[13] Redd notes that, in imposing his sentence, the district court applied the 2005 Guidelines which were substantially similar to the 2001 Guidelines and which were the Guidelines in place at the time of his sentencing. He contends, however, that the court should have applied the 2000 Guidelines because (1) the last overt act in the conspiracy occurred in 2000, and (2) the use of the 2000 Guidelines would have resulted in a lower sentence. He insists that the use of the Guidelines in effect

---

[11] *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citation omitted).

[12] *Porter v. McCollum*, 558 U.S. 30, 38-39 (2009) (internal quotation marks and citation omitted).

[13] *Compare* U.S.S.G. § 2S1.1(a), (b)(2) (Nov. 2000) (setting forth a base offense level of 20 or 23 and adding up to 12 levels in enhancements based on the quantity laundered) *with* U.S.S.G. § 2S1.1(a)(2), (b) (Nov. 2001) (looking to the theft Guideline to determine the base offense level and adding enhancements for controlled substance proceeds and a conviction under 18 U.S.C. § 1956)).

at the time of sentencing rather than at the time of the offense constituted an ex post facto violation because it resulted in a higher sentence.[14]

The district court rejected Redd's allegation, concluding that any objection made by Lamarca to the use of the 2005 Sentencing Guidelines would have been futile. On direct appeal, Redd had challenged the use of the 2005 Guidelines on ex post facto grounds.[15]  This court concluded that the district court did not clearly err in determining that the conspiracy ended in February 2002, after the November 2001 effective date for the amended § 2S1.1.[16] Lamarca had argued at Redd's sentencing that the 2005 Guidelines should not apply because the conspiracy did not extend past the November 1, 2001, effective date of the more onerous Guidelines, yet this court determined in Redd's appeal that the district court did not err in concluding that the 2005 Guidelines were properly applied. Redd is therefore unable to show that Lamarca's failure to raise this as error either at sentencing or on appeal constituted ineffective assistance.[17]  He is thus not entitled to relief on this challenge.

## B. Other Claims Briefed by Redd

Redd has presented a number of claims in his opening and reply briefs that were not included in the district court's grant of a COA. Normally appellate review in § 2255 proceedings is limited to issues on which the district

---

[14] *See Peugh v. United States*, 133 S. Ct. 2072, 2081-84 (2013).

[15] *Redd*, 2009 WL 348831, at *11.

[16] *Id.*

[17] *See Porter*, 558 U.S. at 38-39 (requiring a showing that the outcome would have been different to establish ineffective assistance); *see also Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (stating that counsel does not render ineffective assistance by failing to make meritless objections).

court granted a COA.[18]  When, however, a party (1) expressly seeks a COA on additional issues, and (2) meets the requirements for a COA,[19] we may certify those issues. Redd has not moved for an extension of the COA as to his additional challenges, and we decline to consider his brief to be such a motion.[20] We thus lack jurisdiction to consider these other issues.

## IV.

The judgment of the district court is AFFIRMED. To the extent that Redd raises arguments that go beyond the scope of the COA granted by the district court, his appeal is DISMISSED.

---

[18] *See Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997).

[19] *See United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).

[20] *See Lackey*, 116 F.3d at 151-52; 28 U.S.C. § 2253(c); *see also United States v. Frazier*, 51 F. App'x 930, 2002 WL 31415313, *3 (5th Cir. Oct. 15, 2002) (unpublished) (declining to consider § 2255 movant's additional appellate claims because the district court had expressly declined to grant a COA on them and the movant had failed to expressly request an expansion of the COA grant).