# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20052
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

IFEANYICHUKWU IROH,

Plaintiff-Appellant

v.

BANK OF AMERICA, N.A.; CALIBER HOME LOAN, INCORPORATED; DHI MORTGAGE COMPANY, LIMITED; RANDALL C. PRESENT; U.S. BANK NATIONAL ASSOCIATION; BRIA CARTER; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; MERSCORP HOLDINGS, INCORPORATED; LSF9 MASTER PARTICIPATION TRUST; CHASE BANK; SUMMIT TRUSTEE SERVICES, L.L.C.; NATHAN F. SMITH; RECONTRUST, N.A.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1601

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20052

Ifeanyichukwu Iroh appeals the district court's dismissal of his civil action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). "This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). In a civil case, a timely notice of appeal is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court did not enter a separate judgment in conjunction with its dismissal order, as required by Federal Rule of Civil Procedure 58(a). Thus, the judgment was not deemed entered until 150 days after the December 17, 2015 entry of the dismissal order, or May 15, 2016. *See* FED. R. CIV. P. 58(c)(2)(B); FED. R. APP. P. 4(a)(7)(A)(ii); *see also Freudensprung v. Offshore Tech. Servs. Inc.*, 379 F.3d 327, 334-37 (5th Cir. 2004). Iroh's January 19, 2016 motion requesting that the district court's dismissal order be set aside is properly considered a timely Rule 59(e) motion. *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) (holding that, regardless of how it is characterized, a motion seeking reconsideration of a judgment is treated as a Rule 59(e) motion if it was filed within the applicable time limit). Because the district court has not yet ruled on Iroh's Rule 59(e) motion, his notice of appeal is not yet effective, and this appeal is premature. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994); *see also United States v. Redd*, 652 F. App'x 300, 302-03 & n.4 (5th Cir. 2016), *cert. denied,* 137 S. Ct. 690 (2017).

In light of the foregoing, we remand this case for the limited purpose of allowing the district court to rule on Iroh's pending Rule 59(e) motion. *See Burt,* 14 F.3d at 260-61; *Hunter v. U.S. Parole Com'n*, 271 F. App'x 418, 419 (5th Cir. 2008). Iroh's appeal is held in abeyance pending such disposition by the district court.

No. 16-20052

REMANDED FOR LIMITED PURPOSE; APPEAL HELD IN ABEYANCE.